In re Michael D. McCALLUM, Individually and dba Video View, a California Corporation and dba State College Car Wash, a sole proprietorship, Debtor.

Michael D. McCALLUM, Plaintiff,

v.

UPLAND CAR WASH, Abel R. Ellingson, M.D., Defendants.

Bankruptcy No. 79–25021 PE.

United States Bankruptcy Court, C. D. California.

Nov. 3, 1980.

Ralph I. Callen & Benjamin H. Berkley, Attys., Anaheim, Cal., for debtor/plaintiff.

Gary E. Klausner, Robinson, Wolas & Diamant, Los Angeles, Cal., for defendants.

## ORDER REMANDING CIVIL ACTION TO STATE COURT

PETER M. ELLIOTT, Bankruptcy Judge.

Counsel for Defendant Ellingson requests a trial setting of this removed state court action. Upon review of the file, I conclude that the action should not have been removed and therefore it will be remanded to state court.

This was the first removal to have been considered by me and was casually ordered based upon the stipulation of the parties agreeing to removal. I was then unfamiliar with our Local Rule 7004. Local Rule 7004 is the same as Rule 7004 as recommended by Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States, with a minor change not involved here.

Orange County Superior Court action number 32–46–46 entitled *Michael D. McCallum v. Upland Car Wash, et al.* was filed on or before November 30, 1979. Michael D. McCallum filed an original Chapter 11 case with this court on December 18, 1979. The stipulation by the parties to the state court action for removal of that action to this court was filed herein on February 12, 1980. I routinely approved the stipulation. The entire file on the removed state court action consists of the one page stipulation for removal with order thereon, another short stipulation expunging a lis pendens and an application by the bankruptcy trustee to employ special counsel. Local Rule 7004 requires that the application for removal contain a short and plain statement of the facts which entitle the party to removal together with a copy of all the state court pleadings. The stipulation contains no statement of facts nor did it include copies of the state court pleadings.

■ Rule 7004(a)(3) governs the procedure where the state court action is pending at the time the order for relief is first entered in the bankruptcy case. In that situation, any party may remove the case to the bankruptcy court within 30 days after the entry of the order for relief.

The application for removal should have been filed by January 17, 1980, 30 days after the entry of the order for relief. The stipulation for removal was therefore filed approximately three weeks late.

■ The concept of removal from state or federal court to the bankruptcy court is new in the Bankruptcy Reform Act of 1978. Neither the law nor the rules offer any guidance as to the sanctions, if any, for filing an application for removal beyond the limitation period. However, the language and procedure of Rule 7004 closely tracks the language and procedure of 28 U.S.C. § 1446 providing for removal of any civil action from a state court to a United States District Court. Since the Rule and the statute have a common purpose, they may be regarded as in *pari materia*, and I can look to decisions under 28 U.S.C. § 1446 for guidance. *Hallenbeck v. Penn Mutual Life Insurance Company*, (4th Cir. 1963) 323 F.2d 566, 567.

■ The statutory period of time within which cases may be removed from state to federal courts is mandatory and not subject to agreement between parties, and, therefore, federal courts cannot permit removal after statutory period has expired. *Robinson v. LaChance*, (4th Cir. 1962) 209 F.Supp. 845, *Herrera v. Exxon Corp.* (D.C.Cal.1977) 430 F.Supp. 1215.

Therefore, under the authority of 28 U.S.C. § 1478(b) as well as the additional ground that the action was improvidently removed in the first instance, it is

ORDERED that the action entitled *McCallum v. Upland Car Wash, Abel R. Ellingson, M.D., and Does 1 through 25* and numbered 32–46–46 in the Orange County Superior Court is remanded to the Orange County Superior Court.