**In The Matter of CIRCLE LITHO, INC., Debtor.**

**CIRCLE LITHO, INC., Plaintiff,**

v.

**RYDER TRUCK LINES, INC., d/b/a Byrns Motor Express, Defendant/Third Party Plaintiff,**

v.

**INTER–CITY TRUCK LINES, INC., Defendant/Third Party Defendant.**

**Bankruptcy No. 2–80–00964.
Adv. No. 2–81–0114.**

United States Bankruptcy Court,
D. Connecticut.

July 2, 1981.

Samuel B. Feldman, Law Offices of Stanley Cohen, Hartford, Conn., for plaintiff-trustee.

Leo Niedelman, Fairfield, Conn., for defendant, Ryder Truck Lines, Inc., d/b/a Byrns Motor Express.

Robert B. Adelman of Cohen & Wolf, Bridgeport, Conn., for defendant, Inter-City Truck Lines, Inc.

## MEMORANDUM AND DECISION

Robert L. KRECHEVSKY, Bankruptcy Judge.

This proceeding involves a motion to remand an action to the United States District Court for the District of Connecticut at New Haven, from which court the action has been removed to the United States Bankruptcy Court at Hartford.

## BACKGROUND

On or about April 24, 1980, Circle Litho, Inc. (CLI), a corporation engaged in the business of printing and lithography, filed a complaint in the district court alleging diversity and statutory amount and naming as defendant Ryder Truck Lines, Inc., dba Byrns Motor Express, a Florida corporation doing business from a location in East Syracuse, New York (Ryder). CLI's complaint alleged that an offset press it had purchased was damaged in transit while in the hands of Ryder. Ryder, as a third-party plaintiff, filed a motion to bring in as a third-party defendant Inter-City Truck Lines, Inc. (Inter-City), a Canadian corporation, which motion was granted on April 22, 1980.[1] The answer to the third-party complaint was filed on or about January 23, 1981, and the answer to the plaintiff's complaint was filed on or about February 26, 1981. On September 23, 1980, CLI filed a Chapter 7 petition, and Joel Grafstein, Esq. was appointed interim trustee. Thereafter, on March 9, 1981 (after the pleadings had been closed), CLI, presumably with the ac-

---

1. The machine was shipped from Toronto, Canada to Buffalo, New York by Inter-City and from Buffalo to CLI in Connecticut by Ryder.

quiescence of the trustee,[2] removed the action from the district court to this court. Ryder and Inter-City have filed motions to remand. The matter was submitted on briefs by the trustee and Inter-City, with Ryder stating its accord with the brief submitted by Inter-City.

## CLAIMS OF THE PARTIES

The defendants claim that the negligent damage action must be remanded because the application for removal was filed more than the 30 days after the order for relief allowed in Interim Bankruptcy Rule 7004(a)(3).[3] They allege that the time limit prescribed by Rule 7004(a)(3) is mandatory, not discretionary, and cannot be extended by the court for any reason including claims of excusable neglect. The defendants cite *In re McCallum*, 7 B.R. 76, 6 BCD 1223 (Bkrtcy.C.D.Cal.1980) as authority for this claim. They further allege that CLI cannot demonstrate excusable neglect in any event, and that CLI cannot commence a new action in this court and obtain personal jurisdiction over the third-party defendant. The trustee maintains that the application of the 30-day filing provision is discretionary with the court and not mandatory, that excusable neglect can be shown and that remanding the action would be futile because he could simply initiate a new action here. The trustee cites *Matter of Northern Pipeline Construction Co.*, 6 B.R. 928, 6 BCD 1277, (Bkrtcy.D.Minn.1980) in support of his position.

2. No issue is made of the fact that CLI filed the application to remove.

3. Interim Bankruptcy Rule 7004 reads, in pertinent part:

### Removal
(a) *Application.*
  (1) *Form and Content.* A party desiring to remove any civil action or proceeding from a federal or a state court shall file in the bankruptcy court for the district and division within which such action is pending a verified application containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process and pleadings.
  (2) *Time for Filing by Defendant.* The application for removal of a civil action or proceeding shall be filed within 30 days after the

## DISCUSSION

The Bankruptcy Code of 1978 has greatly expanded the jurisdiction of the bankruptcy courts by authorizing them to hear a broad spectrum of civil actions. 28 U.S.C. § 1471 et seq.; *See* 1 *Collier on Bankruptcy* (15th ed.) ¶ 3.01[e] (1980). This was one of the fundamental reforms enacted by Congress in order to eliminate the distinction between summary and plenary proceedings and to allow the bankruptcy court to determine all matters related to the debtor's estate. Adjunct to this expanded grant of jurisdiction is the removal provision of 28 U.S.C. § 1478, which reads as follows:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

Rule 7004 provides the procedural framework for the right of removal under § 1478.

receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
  (3) *Time for Filing by Any Party.* If the civil action or proceeding stated by the initial pleading is not within the jurisdiction of the bankruptcy court when initiated, an application for removal may be filed by a party within 30 days after the order for relief in the case under the Bankruptcy Code.
All the Interim Rules were adopted as local rules in this district effective October 1, 1979.

With respect to Rule 7004, the note provided by the Advisory Committee on Bankruptcy Rules to explicate the rule states, in pertinent part:

Section 1478 of Title 28 authorizes the removal from a state court or a federal court, other than the United States Tax Court, to the bankruptcy court of any civil action or proceeding, other than a suit by a government unit to enforce its police or regulatory power. This rule specifies the procedure for and after removal.

The subdivisions of this rule conform substantially to the sections of the Judicial Code pertaining to removal to the district courts, 28 U.S.C. §§ 1446–1451, and Rule 81(c) of the Federal Rules of Civil Procedure. Appropriate changes have been made to adapt the language of these sections and the rule to removal to the bankruptcy courts. . . .

Subdivisions (a)(2) and (a)(3) are derived from paragraphs one and two of 28 U.S.C. § 1446(b). Timely exercise of the right to remove is as important in the bankruptcy context as it is when the removal is from a state court to a district court. If an action is within the bankruptcy court's jurisdiction when filed, only a defendant may remove. For example, if a trustee elects to sue in the district court or a state court, he has made an election to proceed in that forum and removal is inappropriate.

Both a plaintiff and defendant may remove an action which becomes removable after it is initiated. For example, if a corporation is a plaintiff in an action and that corporation later becomes a debtor under chapters 7 or 11 of the Code, either the trustee or debtor in possession may remove or the defendant may remove.

The thirty day period for the filing of the removal petition runs from the order for relief in the case. In voluntary cases this date is the date of the petition, but in involuntary cases the date is when the order for relief is entered under § 303(h) of the Code.

The defendants note this juxtaposition of Rule 7004 and 28 U.S.C. § 1446(b) and direct the court's attention to the holding in *In re McCallum, supra,* to support their claim that the 30-day period is mandatory and non-excusable.

In *McCallum,* the parties had stipulated to removal of a state court action to the bankruptcy court. The state court action was filed on or before November 30, 1979 by the debtor, who then filed a chapter 11 petition in the bankruptcy court on December 18, 1979. The stipulation for removal was filed on February 12, 1980, approximately three weeks late under Rule 7004(a)(3) which had been adopted as a local rule. The court, after noting that neither the law nor the rules offered guidance as to sanctions, if any, for filing a late application, concluded that since the language of Rule 7004 tracks the language of 28 U.S.C. § 1446, and that since the rule and § 1446 have a common purpose, they were to be regarded as in *pari materia.*[4] Looking to cases construing § 1446, the court held that:

The statutory period of time within which cases may be removed from state to federal courts is mandatory and not subject to agreement between parties, and, therefore, federal courts cannot permit removal after statutory period has expired. *Id.* at 77.

The case was remanded *sua sponte.*

■■■ I cannot agree with the reasoning employed in *In re McCallum.* In the first

---

4. *28 U.S.C. § 1446(b).*

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, or a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

place, the 30-day limitation on removal contained in Rule 7004 is not based on a statute enacted by Congress, but is contained in a local rule only. As is well known, the Bankruptcy Code enacted by Congress had its inception in a proposed new bankruptcy law submitted by the Commission on the Bankruptcy Laws of the United States to Congress in 1973. The Commission's proposed law contained a removal provision specifically providing for a 30-day time limit for removal of actions from any state or federal court to the bankruptcy court after the filing of a bankruptcy petition. Congress, however, removed the time limitation and other removal procedures from the Bankruptcy Code enacted in 1978. Congress had decided to leave these matters to be determined by the bankruptcy rules or local rules. See Kennedy, The Bankruptcy Court Under the New Bankruptcy Law: Its Structure, Jurisdiction, Venue, and Procedure, 11 St. Mary's L.J. 285 (1979); House Report No. 95–595, 95th Cong., 1st Sess. (1977) Appendix I, (309) at 307, U.S.Code Cong. & Admin.News 1978, 5787. It is, therefore, a local bankruptcy rule which sets 30 days as the time limit for removal. All time limitations in the rules are subject to Bankruptcy Rule 906 which generally permits time limits set by the rules to be enlarged or reduced. Such enlargement or reduction of time is not permitted where the time limit is contained in a statute. Further, according to 14 Wright, Miller and Cooper, Federal Practice and Procedure, Jurisdiction § 3721, at p. 515, in discussing § 1446, the "right of removal probably was designed to protect nonresidents from the local prejudices of state courts". This is a purpose completely foreign to § 1478, which allows removal from both state and district courts. The removal provisions of the Bankruptcy Code are a complement to the sweeping grant of original jurisdiction to the bankruptcy courts for the purpose of permitting a bankruptcy court to determine all actions which are related to bankruptcy cases. Thus, I conclude that the cases construing the time limitations in § 1446(b) are not precedential, and the time in Rule 7004(a)(3) is subject to enlargement in the discretion of the court.

The trustee also says, relying on Northern Pipeline, supra, that if this action is remanded to the district court, he is under no obligation to press the estate's claim in that court but that he can commence a new action in the bankruptcy court. In Northern Pipeline, that court held that the debtor in possession could bring a separate action in the bankruptcy court despite the pendency of a similar action in a U.S. District Court.

The court said:

A pending action will not abate because of the filing of a bankruptcy petition by the plaintiff, nor is the pendency of an action in one court a bar to a subsequent action for the same relief. A litigant has a right to have his action tried wherever he can find venue. . . .

Section 1478 of the Bankruptcy Code is not a bar to pursuing a pending claim other than by exercising the removal mechanisms of Section 1478. The removal provisions of Section 1478 provide one way to get an action pending in another court before the Bankruptcy Court—it is not an exclusive avenue—Northern has achieved its desire to litigate this case in its home district by commencing a new action in the Bankruptcy Court in the district where it filed its original petition. This alternative is permissible under the new Bankruptcy Code. Id. at 931.

The court refused to grant the opposing party's motion to dismiss on grounds of pending litigation elsewhere. I believe that with respect to the question of filing a new action here while suit is pending elsewhere, the Supreme Court decision of Meyer v. Fleming, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946) is instructive and determinative. In Meyer a major stockholder of St. Louis Southwestern Railway Co. filed a claim for a cause of action against the Chicago, Rock Island & Pacific Railway Co. in the latter's reorganization proceeding under § 77 of the Bankruptcy Act of 1898. Subsequently, St. Louis Southwestern filed its own § 77 petition. Thereafter, the Rock Island trustees objected to the St. Louis Southwestern

claim on grounds that it had to be prosecuted by the St. Louis Southwestern trustee, and not the stockholder. The claim was disallowed. The Supreme Court reversed the order disallowing the claim noting:

> Litigation instituted by a creditor may not be defeated merely by reason of the fact that he has become a bankrupt. *Thatcher v. Rockwell*, 105 U.S. 467, 469–470 [26 L.Ed. 949]. Title to the claim vests, of course, in the bankruptcy trustee. He is in position to take control of the litigation. He may, as indicated in *Johnson v. Collier*, 222 U.S. 538, 540 [32 S.Ct. 104, 105, 56 L.Ed. 306], *start a new suit and cause the old one to be abated*, or intervene in the old one and obtain such benefits as it affords. The choice may indeed be a valuable one. Rights might be lost if the earlier suit were abated. And the speculative nature of the litigation or the expense involved might indicate to the trustee that it was more provident for him not to intervene in the existing suit, nor to institute a new one, but to let the one which had been started run its course.... *Id.* at 165, 66 S.Ct. at 385. (Emphasis Added)

█ I assume that the options available to a trustee, as stated in *Meyer*, are not to be pursued without any time limit whatsoever. On the present record in this proceeding, I am unable to determine whether there is a basis under Rule 906 or the *Meyer* doctrine to cause the litigation between the trustee and these defendants to be heard in this court or to be allowed to proceed in the district court, and will order a further hearing on this issue. In short, I have concluded that the 30-day provision in Rule 7004(a)(3) is *not* mandatory and is subject to enlargement in the discretion of the court, and while I am of a mind to say that thirty days is likely to be inadequate in most cases for a trustee to determine whether or how outstanding litigation of the debtor is to be pursued, the delay of six months in this proceeding calls for a hearing wherein the trustee and the defendants can present testimony and arguments directed at the court's discretion. It is

SO ORDERED.