In re ALTON TELEGRAPH PRINTING CO., INC., Debtor-in-Possession.

JAMES GREEN CONSTRUCTION CO., INC., Plaintiff,

v.

ALTON TELEGRAPH PRINTING CO., INC., Joseph Melosi and William Lhotka, Defendants.

Robert DeGRAND, Plaintiff,

v.

ALTON TELEGRAPH PRINTING CO., INC., Joseph Melosi and William Lhotka, Defendants.

Stanley KOWALSKI, Plaintiff,

v.

ALTON TELEGRAPH PRINTING CO., INC., Joseph Melosi and William Lhotka, Defendants.

John SOBOL, Plaintiff,

v.

ALTON TELEGRAPH PRINTING CO., INC., Joseph Melosi and William Lhotka, Defendants.

Ray KOZIELEK, Plaintiff,

v.

ALTON TELEGRAPH PRINTING CO., INC., Joseph Melosi and William Lhotka, Defendants.

and

Elvin "Bert" SIMPSON, Plaintiff,

v.

ALTON TELEGRAPH PRINTING CO., INC., Joseph Melosi and William Lhotka, Defendants.

Bankruptcy No. Bk–81–50082.
Adv. Nos. 81–0279 to 81–0284.

United States Bankruptcy Court, S. D. Illinois.

Sept. 28, 1981.

Ronald Peterson, Chicago, Ill., Charles Williamson, Belleville, Ill., for debtor-in-possession.

Rex Carr, East St. Louis, Ill., for James Green Const. Co.

Paul Riley, Edwardsville, Ill., for Robert DeGrand and Stanley Kowalski.

Lakin, Herndon & Peel, East St. Louis, Ill., for Elvin "Bert" Simpson.

## ORDER ALLOWING MOTION TO REMAND

J. D. TRABUE, Bankruptcy Judge.

At East St. Louis, in said district, this cause coming before the Court on the application for removal of the above-mentioned civil actions filed on behalf of the debtor-in-possession by its attorneys, Ronald Peterson and Charles Williamson, motions to remand said actions being filed for James Green Construction Co. by its attorney, Rex Carr, for Robert DeGrand and Stanley Kowalski by their attorney, Paul Riley, and for Elvin "Bert" Simpson by his attorneys, Lakin, Herndon and Peel, due notice of said hearing being given to all interested parties and the Court, being fully advised, finds as follows:

1. The debtor-in-possession filed a voluntary petition in Chapter 11 bankruptcy on 10 April 1981.

2. Applications for removal of civil actions brought by John Sobol, Robert De-Grand, Stanley Kowalski, Ray Kozielek, Elvin "Bert" Simpson and James Green Construction Company, Inc., were filed on or about 19 May 1981.

3. Interim Bankruptcy Rule 7004, made applicable in this district by the Local Rules adopted 1 October 1979, established, as a time limit for the filing of the application for removal, thirty days after the order of relief is issued.

4. Motions to remand have been filed in all the above-mentioned cases except in the cases of John Sobol and Ray Kozielek, Ad-

versary Nos. 81–0284 and 81–0282, respectively.

5. No request to enlarge the time for removal pursuant to Rule 906(b) of the Rules of Bankruptcy Procedure has been made to the Court.

6. The adoption of Rule 7004 does not modify, restrict nor is inconsistent with any substantive provisions under the Bankruptcy Code.

7. Sufficient equitable considerations exist which allow the above-named civil actions to be remanded to their respective state courts.

The Court also finds the following statutes and rules relevant:

### SECTION 1478 (28 U.S.C. § 1478)

§ 1478. Removal to the bankruptcy courts.

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

### SECTION 2075 (28 U.S.C. § 2075)

§ 2075. Bankruptcy rules.

The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.

Such rules shall not abridge, enlarge, or modify any substantive right.

Such rules shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May and until the expiration of ninety days after they have been thus reported.

### INTERIM BANKRUPTCY RULE 7004

(a) Application

(2) Time for Filing by Defendant.

The application for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

(j) REMAND

If at any time before final judgment it appears that the civil action or proceeding was removed improvidently or without jurisdiction, the bankruptcy court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the court from which the civil action or proceeding was removed and that court may thereupon proceed with the case.

The principal issue is whether the Court can remove six state court civil actions which fall within the Bankruptcy Court's jurisdiction when the applications for removal were filed late under the provisions of Interim Rule 7004. During the 23 July 1981 hearing, the Court had stated that it was its "inclination" to allow the late filings but that a written order will follow. It also heard the arguments on the equitable considerations of the remand issue at the July and September hearings. The Court has now reviewed all cases cited to it at the hearing and in the debtor-in-possession's Memorandum of Law and has independently researched the relevant statutory and case law precedents. It finds, for the following reasons, that the statutory period of time is mandatory and not subject to an

extension by Court fiat under Rule 906(b) of the Rules of Bankruptcy Procedure. On the request of the debtor-in-possession, the Court will treat all the above-named civil actions alike and remand each and every civil action to the respective state courts.

■ The first reason to allow the motions to remand for untimely filing is the prevailing case law involving Rule 7004. The most definitive case holding confronting the timeliness issue is *Re McCallum*, 7 B.R. 76, 6 B.C.D. 1223 (Bkrtcy.Cal.1980). The *McCallum* court strictly enforced the time limitations of Rule 7004, citing the ruling under the complementary federal removal statute, 28 U.S.C. § 1446, as support. It held that

the statutory period of time within which cases may be removed from state to federal courts is mandatory and not subject to agreement between parties, and therefore, federal courts cannot permit removal after the statutory period has expired. *Ibid.* p. 1224.

The time limits of Rule 7004 were also strictly enforced by the bankruptcy court in the recent case of *Re Straughn*, 10 B.R. 28, 4 C.B.C.2d 123 (Bkrtcy.D.Del.1980).

The two cases cited in support of the debtor-in-possession's position, *Re Project Oneco, Inc.*, 3 B.R. 284 (Bkrtcy.Colo.1980) and *Re U. S. Air Duct Corp.*, 8 B.R. 848 (Bkrtcy.N.Y.1981), are clearly distinguishable to *McCallum* and the cases-at-hand. In *Re Project Oneco, Inc.*, the bankruptcy court inexplicably fails to mention the time restrictions of Rule 7004 and states that "any action related to a bankruptcy proceeding may apparently be removed by any party at any stage of the case under 28 U.S.C. § 1478(a)." *Ibid* p. 285. Such unrestrained usage of this removal statute is not available in this district with the restrictions of Rule 7004. In the *Air Duct* case, the Chapter 7 liquidation had commenced before the adoption of the local bankruptcy rules. The Suggested Interim Rules were found not to be binding at the date of the application for removal, and the application of Rule 7004 was waived in the "spirit of equitable treatment to the parties and in the interest of justice." *Id* p. 850. How-ever, the bankruptcy court in *Air Duct* made this judicial exercise in light of the chronological facts surrounding the particular application. In the present case, it is clear that the debtor-in-possession is bound by and should be knowledgeable of the Local Rules, as became effective on 1 October 1979. No peculiar circumstances exist which may justify this Court's exercise of a similar judicial discretion.

■ A second reason for allowing remand, as mentioned in the *McCallum* case, is the case law precedent under the district court removal statute. The time limits in Rule 7004(a)(2) and (3) are derived from paragraphs one and two of 28 U.S.C. § 1446(b), which requires timely removal, and timely exercise of the right to remove is as important in the bankruptcy context as it is when removal is from a state court to a district court. *See Note*, Rule 7004. The bankruptcy court can look to the district court decisions for guidance in determining whether the time limits should be strictly enforced. The case holdings under 28 U.S.C. § 1446(b) have stated, while the statutory time limits for removal petitions is merely a formal and modal requirement and is not jurisdictional, *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702–04, 92 S.Ct. 1344, 1347–48, 31 L.Ed.2d 612 (1972); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); the time limitations in Section 1446 are mandatory and must be strictly construed. *Wright, Miller and Cooper, Federal Practice and Procedure; Jurisdiction* § 3732 p. 729. They will not be extended by continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations or court orders. *Ibid* p. 730. A timely objection to a late petition will defeat removal although a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights. *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405, 407 (C.D.Cal.1972); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). The Court cannot find that the state court petitioners are estopped from raising their rights to remand. The

attorneys for the James Green Construction Co., Robert DeGrand and Stanley Kowalski filed motions to remand within six weeks after receipt of the applications for removal and before any hearing or trial litigating their substantive rights in their respective cases. Since Rule 7004 is a derivative of 28 U.S.C. § 1446 and the case law interpreting such section strictly enforces the time limits therein, the Court likewise finds the time limits of Rule 7004 to be mandatory.

■ The final argument made in the debtor-in-possession's memorandum is that Interim Bankruptcy Rule 7004 does not preclude this Court from removing these civil actions. They contend that Rule 7004(a)(3) conflicts with Section 1478(a) and therefore is inapplicable. Their brief further states that all interim rules must be analyzed by 28 U.S.C. § 2075 (listed earlier in this order), so that "such rules shall not abridge, enlarge, or modify any substantive right," and cites the bankruptcy cases of *Re Pitts,* 2 B.R. 476, 1 C.B.C.2d 241 (Bkrtcy.C.D.Cal. 1979) and *Re Tartan Construction Co.,* 4 B.R. 655, 2 C.B.C.2d 295 (Bkrtcy.D.Neb. 1980) as precedent for the proposition that interim rules which are found to conflict with the applicable Code sections can be invalidated. However, no precedent invalidating Rule 7004(a)(3) was cited. The Court does not find that Rule 7004(a)(3) modifies or restricts any substantive right. The establishment of procedural guidelines has less effect on any parties' rights to remove civil actions than it does to assure the orderly and timely transfer of adversary proceedings of state court actions to this Court.

■ Remand is also necessitated on substantive grounds. The Court finds sufficient equitable grounds under 28 U.S.C. § 1478(b) to grant the motions to remand even if it was found that Rule 7004 modified the debtor-in-possession's substantive rights. The goal of the Court's removal jurisdiction, as stated by the court in *Re Project Oneco, Inc.,* 3 B.R. 284, 1 C.B.C.2d 711 (Bkrtcy.Colo.1981), is to further the federal policy of quickly and inexpensively concluding litigation involving debtors seeking relief, without undue interference in state court judicial proceedings. *Ibid* p. 285. The adoption of Rule 7004 in the Local Rules helps further this goal, and the six causes of actions at issue, in most probability, cannot be concluded inexpensively nor quickly. All the plaintiffs in the causes in action will probably demand jury trials, and if the length of the trial of *James Green v. Alton Telegraph Printing Co., Inc., Joseph Melosi and William Lhotka,* No. 77–L–66, is indicative of the complicated issues involved, all will need extended periods of trial time. Removal may cause undue delay in litigating each cause of action and will place additional burdens on the court time of the single judge bankruptcy court in this district. The Circuit Courts are better able to respond to the litigation demands of the suits. Another ground for remand is that the causes of action strictly involve questions of state law to which the state courts have had more experience and exposure in handling. For the reasons stated above, the Court finds sufficient equitable grounds to remand.

■ The motions to remand shall be limited to the allowance of the trials of the six causes of action. It is a primary concern of this Court that an equal, pro-rata distribution of the debtor's assets to their creditors, made pursuant to the provisions of the Bankruptcy Code, be achieved. Allowance of an execution of judgment by any of the above-named plaintiffs, if one or all are successful in litigating the merits of their case, may cripple the debtor's chances for an effective reorganization. Thus, the Court will deny the plaintiffs' motions to remand insofar as the plaintiffs seek to satisfy their judgments out of the debtor's property. If the creditors can affect recovery of their debts from other sources unrelated to the bankruptcy proceedings, this Court is not concerned. The Court is determined to keep the assets of the debtor's estate intact until an orderly distribution of such assets is completed, through the plan of reorganization or otherwise.

WHEREFORE, in accordance with this memorandum, IT IS ORDERED that the

applications for removal of the civil actions involving James Green Construction Company, Robert DeGrand, Stanley Kowalski, Elvin "Bert" Simpson, John Sobol and Ray Kozielek, be, and hereby are, denied for failure to be timely filed.

IT IS FURTHER ORDERED that motions to remand of the above-named plaintiffs' civil actions be, and hereby are, allowed, and the automatic stay, pursuant to 11 U.S.C. § 362, is hereby lifted except to the extent that it shall remain in effect as to any execution, attachment or other suit brought against property of the estate, pending further order of this Court.