**In re DELTA GROUP, LTD., A Montana Corporation, Debtor.**

**DuPONT ENERGY MANAGEMENT CO., Communications Industries, Inc., and Secode Electronics, Inc., Plaintiffs,**

**v.**

**DELTA GROUP, LTD., E. W. DuPont, John Hicks, Larry Bellah, and Boyd Waddle, Defendants.**

Bankruptcy No. 481–00541.
Adv. No. 381–0964.

United States Bankruptcy Court,
N. D. Texas,
Dallas Division.

Jan. 4, 1982.

W. D. Murray, Jr., Butte, Mont., Jerry Lastelick, Lastelick, Anderson & Hilliard, Dallas, Tex., for Delta Group, Ltd.

## ORDER REMANDING CIVIL ACTION TO STATE COURT

JOHN C. FORD, Bankruptcy Judge.

Counsel for Delta Group, Ltd., filed an Application for Removal of Civil Action to Bankruptcy Court on December 16, 1981, requesting removal to this Court from the I–162nd Judicial District Court of Dallas County, Texas of the action entitled:

DuPont Energy Management Co., Communications Industries, Inc., and Secode Electronics, Inc.,

vs.

Delta Group, Ltd., E. W. DuPont, John Hicks, Larry Bellah, and Boyd Waddle.

Delta Group, Ltd., is the Debtor-in-Possession in a voluntary Chapter 11 Proceeding, Bankruptcy No. 481–00541, filed in the United States Bankruptcy Court for the District of Montana, Great Falls Division. The Order for Relief was entered on November 5, 1981.

The Suggested Interim Bankruptcy Rules have been adopted in toto as Rules of Practice and Procedure in the Northern District of Texas to govern all bankruptcy proceedings, and all controversies relating to bankruptcy proceedings arising under the Bankruptcy Code. Local Rule 7004 governs the procedure for removal of a state court action to the bankruptcy court. If, as here, the state court action is pending at the time the Order for Relief is first entered in the bankruptcy case, then any party may remove the proceeding to the bankruptcy court within 30 days after the entry of the Order for Relief pursuant to Rule 7004(a)(3). In the case at bar, the application for Removal should have been filed by December 5, 1981, 30 days after the entry of the Order for Relief. Applicants are, therefore, eleven days late.

There are few decisions offering guidance as to the sanctions, if any, for filing an application for removal beyond the limitation period. In *McCallum v. Upland Car Wash*, 6 B.C.D. 1223, 7 B.R. 76 (Bkrtcy., C.D.Calif.1980), the court strictly construed Rule 7004(a)(3) and remanded a case to state court where the applicants were approximately three weeks late in asking for removal. In *Tidwell v. Thomas*, 4 B.R. 100 (Bkrtcy., N.D.Tex.1980), Judge John Flowers noted that the bankruptcy removal statute, 28 U.S.C. § 1478, is a federal statute and that federal law governs its interpretation. The federal law is clear in this situation. Rule 7004 closely tracks the language and procedure of 28 U.S.C. § 1446 which provides for removal of civil actions from state court to the United States District Court. Moreover, the Reporter's notes to Rule 7004 state that subdivisions (a)(2) and (a)(3) are derived from paragraphs one and two of 28 U.S.C. § 1446(b). In addition, the Reporter notes:

"Timely exercise of the right to remove is as important in the bankruptcy context as it is when the removal is from a state court to a district court."

Given the similarity of Rule 7004(a)(3) to 28 U.S.C. § 1446, the Court feels confident in looking to decisions under 28 U.S.C. § 1446 for guidance. Numerous decisions under 28 U.S.C. § 1446 have held that a case removed "improvidently" shall be remanded to the state court. Moreover, these same cases hold that a removal is improvident if there is not compliance with the thirty day filing requirement. See *London v. United States Fire Insurance Co.*, 531 F.2d 257 (5th Cir. 1976); *In Re Merrimack Mutual Fire Insurance Co.*, 587 F.2d 642 (5th Cir. 1978); *Friedrich v. Whittaker Corporation*, 467 F.Supp. 1012 (S.D.Tex.1979); *Intercoastal Refining Co., Inc., v. Jalil*, 487 F.Supp. 606 (S.D.Tex.1980). The removal in the case at bar is improvident in that 41 days have elapsed since the Order for Relief was entered.

THEREFORE WHEREAS, the Order for Relief was entered on November 5, 1981; the litigation sought to be removed was commenced on September 19, 1980, and the application for removal was filed with this Court on December 16, 1981, as evidenced by the file stamp on the application, it is

ORDERED, that the action entitled:

DuPont Energy Management Co., Communications Industries, Inc., and Secode Electronics, Inc.,

vs.

Delta Group, Ltd., E. W. DuPont, John Hicks, Larry Bellah, and Boyd Waddle. is remanded to the District Court of Dallas County.