In re Douglas Patrick ZELLNER, Pamela
Joyce Zellner, Debtors.

BUREAU OF EMPLOYMENT SERV-
ICES OF OHIO, Plaintiff,

v.

Douglas P. ZELLNER, Defendant.

Bankruptcy No. 80–01815.
Adv. No. 82–0504.

United States Bankruptcy Court,
N. D. Ohio, W. D.

Aug. 19, 1982.

**802**

Philip R. Joelson, Toledo, Ohio, for defendant/applicant.

Eugene P. Everhart, Asst. Atty. Gen., Bureau of Employment Services, Columbus, Ohio, for plaintiff.

Douglas P. Zellner, pro se.

## MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS APPLICATION FOR REMOVAL AND REMANDING CASE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the motion of the Plaintiff to dismiss Defendant's application for removal and to remand the case to state court. The Court finding that Defendant's application was not timely filed as required by Interim Rule 7004 and that, in any case, there are equitable grounds for remand under 28 U.S.C. Section 1478, the motion is well taken and should be granted.

Plaintiff filed its complaint seeking to recover amounts assertedly due under Ohio's unemployment compensation law (Chapter 4141, Ohio Revised Code) in the Common Pleas Court of Wood County, Ohio on February 2, 1982, Case No. 82–CIV–42. The Defendant was served, by certified mail, with a summons, and a copy of the complaint and a returned receipt of service dated February 11, 1982 was received by the Wood County Clerk of Courts. Defendant being in default of answer on March 11, 1982, on March 23, 1982, Plaintiff filed a motion for a default judgment. On March 26, 1982 the State Court, Judge Gale Williamson presiding, entered its Judgment finding Defendant in default and setting April 26, 1982 as a hearing date on the motion for default judgment. On April 26, 1982, in its "Pretrial Conference Order", the Court found evidence sufficient to establish Plaintiff's claim but withheld entry of its decision permitting counsel to submit written briefs concerning the question of whether Defendant's obligation was discharged in a previous Chapter 7 proceeding before this Court wherein the Debtor received a discharge on March 16, 1981.

A copy of Plaintiff's brief as to nondischargeability of unemployment taxes was filed with the Wood County Clerk of Courts. In a letter dated October 30, 1980 to Philip R. Joelson, Counsel for Debtor, Judge Williamson informed Mr. Joelson that if he did not hear from him by May 26, 1982, he would assume Mr. Joelson had not been retained by the Debtor, or, if he had, that he concurred in Plaintiff's argument concerning the nondischargeability of the taxes. On May 18, 1982 Defendant filed his application for removal of Case No. 82–CIV–42 to this Court, which matter was set for pre-trial conference before this Court on August 19, 1982. On June 11, 1982 Plaintiff filed the present motion to which Defendant has failed to respond.

28 U.S.C. Section 1478 governs removal to the bankruptcy courts as follows:

(a) A party may remove any claim or cause of action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding; is not reviewable by appeal or otherwise.

The Bankruptcy Rules as presently constituted do not cover the procedural aspects of removing a case to bankruptcy court. The Suggested Interim Bankruptcy Rules, however, were adopted as local rules of court by the Bankruptcy Judges for the Northern District of Ohio and Interim Rule 7004(a), in particular, addresses itself to the time limit for filing an application for removal by a Defendant. In relevant part it provides:

(2) Time for Filing by Defendant. The application for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which said action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiff argues that Defendant has failed to file his application for removal within 30 days after the receipt by the Defendant of a copy of the initial pleading setting forth the claim for relief and that, therefore, the application is untimely and should be dismissed. In the present case, the records before this Court indicate that Defendant was served by certified mail with a summons and copy of the complaint on February 11, 1982. Since the 30 days from receipt of service for filing the application for removal provided in Interim Rule 7004(a)(2) expired on March 13, 1982 and the Defendant did not file his application for removal until May 18, 1982, the application was untimely filed under a strict application of the rule.

Although Defendant has failed to respond to Plaintiff's motion to dismiss and remand the Court finds it necessary to consider whether the provisions of Interim Rule 7004 are mandatory, see e.g. *McCallum v. Upland Car Wash,* 7 B.R. 76, 6 B.C.D. 1223 (Bkrtcy. C.D. Cal. 1980); *Kozielek v. Alton Telegraph Printing Co.,* 15 B.R. 367, 8 B.C.D. 428, 5 C.B.C.2d 672 (Bkrtcy. S.D. Ill. 1981) which, in light of the Court's previous determination that the application was untimely, would require remand of the present case or whether, alternatively, there is some discretion to waive the 30 day time limit for removal set in the Interim Rule. *See e.g., Mercer v. Mercer,* 14 B.R. 1002, 7 B.C.D. 1381 (Bkrtcy. S.D. Ohio 1981); *Circle Litho, Inc. v. Ryder Truck Lines, Inc.,* 12 B.R. 752, 8 B.C.D. 64, 4 C.B.C.2d 1204 (Bkrtcy. D. Conn. 1981).

As indicated in the Reporters' Note accompanying Interim Rule 7004, subdivisions (a)(2) and (a)(3) are derived from paragraphs one and two of 28 U.S.C. Section 1446(b) governing the procedure for removal of cases from state court to the federal district courts. The cases construing Section 1446 have held that its time limits are mandatory and must be strictly construed. *See generally* 14 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* Section 3732 (1976), and that "they will not", for example, "be extended by continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or court orders." Id. at 730. (footnote omitted) The bankruptcy courts which have held that Interim Rule 7004(a)(2) and (3) should be similarly construed, *McCallum v. Upland Car Wash,* 7 B.R. at 77, 6 B.C.D. at 1224; *Kozielek v. Alton Telegraph Printing Co.,* 15 B.R. at 370, 8 B.C.D. at 430, have looked to the decisions under Section 1446(b), in reaching that conclusion. *See also BancOhio National Bank v. Menuez,* 15 B.R. 249 (Bkrtcy. N.D. Ohio 1981); *Parenteau v. Bellucci,* 9 B.R. 887, 7 B.C.D. 519, 4 C.B.C.2d 33 (Bkrtcy. D. Mass. 1981).

One case reaching the opposite result, holding that it is entirely within the discretion of the Court whether the time requirement of Interim Rule 7004 should be

waived, *Mercer v. Mercer,* 14 B.R. at 1004, reasoned that this is so since, as a local rule of court, it does not have the force of law. The Court disagrees with this line of reasoning.

28 U.S.C. Section 2071 states that: The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court.

Thus, pursuant to statute, the bankruptcy courts, as with all courts established by Act of Congress, may enact local rules of practice which, barring any inconsistency with Acts of Congress or rules of practice prescribed by the Supreme Court, have the force and effect of law and are binding upon the parties and the Court which promulgated them until appropriately changed. *See Weil v. Neary,* 278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243 (1929); *Biby v. Kansas City Life Insurance Co.,* 629 F.2d 1289 (8th Cir. 1980); *Calnetics Corp. v. Volkswagen of America, Inc.,* 532 F.2d 674 (9th Cir.), *cert. denied* 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976).

"A local rule is inconsistent with federal rules and statutes if it alters those aspects of the litigation process which bear upon the ultimate outcome of the litigation". *Williams v. United States District Court,* 658 F.2d 430, 435 (6th Cir. 1980). Applying this test to Interim Rule 7004's time limitation on filing an application for removal, the Court concludes that this rule regulates the procedural aspects of litigation only, that it does not modify or restrict any substantive right, *Kozielek v. Alton Telegraph Printing Co.,* 15 B.R. 367, 371, 8 B.C.D. 428, 430 (Bkrtcy. S.D. Ill. 1981), and that it bears little or no relation to the outcome of the litigation. This requires that the Court uphold it against any challenge as being beyond the Court's rule-making authority.

The Court similarly rejects the construction given Interim Rule 7004 by the Court in *Circle Litho, Inc. v. Ryder Truck Lines,* *Inc.,* 12 B.R. 752, 8 B.C.D. 64, 4 C.B.C.2d 1204 (Bkrtcy. D. Conn. 1981). In contrast to the Courts which have looked to the decisions under 28 U.S.C. Section 1446(b) for guidance in construing the time limitations on removal under Interim Rule 7004, the Court in *Circle Litho* reasoned that since the 30-day limitation in Rule 7004 was not based on *statute* enacted by Congress, but was contained in a local rule only, the time limitation was not mandatory, but instead, was subject to enlargement or reduction under Bankruptcy Rule 906 as other time limitations governed by the Bankruptcy Rules. In this Court's view, however, such reasoning is erroneous. As noted previously, the Interim Rules, as local rules of Court and Rule 7004 in particular, are a valid exercise of the authority granted the courts Congress created and, consequently, having the force of law, they should be binding on the parties and Courts alike. The lack of any formal reference in the Interim Rules of the possibility of the expansion or reduction of their time limitations under Bankruptcy Rule 906, in combination with the general goal of removal jurisdiction of quickly and inexpensively concluding litigation involving debtors seeking relief without undue interference in state court judicial proceedings, *see Kozielek v. Alton Telegraph,* 15 B.R. at 371, 8 B.C.D. at 430, leads this Court to the conclusion that the time limitations of Interim Rule 7004 should be considered mandatory. Under this view, the Debtor's application being untimely, upon proper objection, it should promptly be dismissed.

Finally, whatever construction is given to the time limitations of Interim Rule 7004, the Court feels that there are equitable grounds for remand of this case under 28 U.S.C. Section 1478(b). The Bankruptcy courts and the state courts have concurrent jurisdiction to determine the dischargeability of a debt of this nature. Thus, in combination with the failure of Defendant to act in the state court proceeding until the entry of a judgment of default was imminent, leads the Court to conclude that this litigation can be most expeditious-

ly concluded by remanding it to the State Court.

In light of the foregoing it is hereby,

ORDERED that this matter be, and hereby is, remanded to the Common Pleas Court of Wood County, Ohio, for further proceeding. It is further,

ORDERED that pursuant to Interim Rule 7004(j) the Clerk of this Court mail a certified copy of this Order for remand to the Clerk of the Common Pleas Court of Wood County, Ohio.