In re AIRPORT MARINA, INC., Debtor.

In the County Court in and for Monroe County, Florida, Case # 82–44–CC–15

Lanier M. PORTER & John M. Lynn, Co-Trustees, Plaintiffs,

v.

AIRPORT MARINA, INC., a Florida corporation, et al., Defendants.

In the Circuit Court in and for Monroe County, Florida, Case # 82–1059–CA–08

Lanier M. PORTER & John M. Lynn, Co-Trustees, Plaintiffs,

v.

AIRPORT MARINA, INC., a Florida corporation, et al., Defendants.

Bankruptcy No. 82–02420–BKC–JAG. Adv. Nos. 83–0053–BKC–JAG–A, 83–0056–BKC–JAG–A.

United States Bankruptcy Court, S.D. Florida.

May 3, 1983.

Louis Phillips, of Phillips & Phillips, P.A., Miami, Fla., for plaintiffs.

Walter S. Kyle, Fort Lauderdale, Fla., for debtor-defendants.

## MEMORANDUM OPINION AND ORDER

JOSEPH A. GASSEN, Bankruptcy Judge.

On December 15, 1982, a voluntary petition under 11 U.S.C. Chapter 11 of the Bankruptcy Code was instituted by the Debtor, AIRPORT MARINA, INC., in the United States Bankruptcy Court, for the Southern District of Florida. An Order for Relief was entered on December 15, 1982.

This matter is before the Court on the Application for removal filed by counsel for the Debtor, on January 19, 1983, of the following adversary matters, to-wit:

(a) Adversary No. 83–0053–BKC–JAG–A, (In the County Court in and for Monroe County, Florida, Case # 82–44–CC–15), LANIER M. PORTER and JOHN M. LYNN, Co-Trustees, Plaintiffs, vs. AIRPORT MARINA, INC., a Florida corporation, et al, Defendants.

(b) Adversary No. 83–0056–BKC–JAG–A, (In the Circuit Court of Monroe County, Florida, Case # 82–1059–CA–08) LANIER M. PORTER and JOHN M. LYNN, Co-Trustees, Plaintiffs, vs. GARY L. La-

LONDE, and AIRPORT MARINA, INC., a Florida corporation, Defendants.

The Plaintiffs, LANIER M. PORTER and JOHN M. LYNN, Co-Trustees, have filed Motion objecting to the jurisdiction of the Bankruptcy Court, and Motion to Abstain. Incorporated within said Motions is the further objection to removal of the pending State Court civil suits, in that the application for removal, filed by the Defendant/Debtor, was beyond the thirty (30) days after the entry of the Order for Relief, and in violation of Interim Rules of Bankruptcy Procedure, Rule 7004(a)(3), 11 U.S.C.A.

Hearings have been held before the Court on March 2, 1983, March 22, 1983, and April 26, 1983, at which time, the Court heard argument of respective counsel, and obtained memoranda of relevant legal decisions for the Court's review.

The Suggested Interim Bankruptcy Rules have been adopted in toto as Rules of Practice and Procedure in the Southern District of Florida to govern all Bankruptcy proceedings, and all controversies relating to Bankruptcy proceedings arising under the Bankruptcy Code.

The procedural requirement for removal of a case to the Bankruptcy Court is set forth in Interim Bankruptcy Rule 7004. The Rule requires that a verified application, setting forth the facts which entitle removal be filed in the appropriate Bankruptcy Court. In addition, the application must be accompanied by a copy of all process and pleadings filed in the State or District Court in which the action was initially filed, as well as a bond. The application for removal may be filed by a party *within thirty (30) days after the order of relief in the case* under the Bankruptcy Code. (Interim Rule 7004(a)(3))

In the case at bar, the applications for removal should have been filed by January 14, 1983, 30 days after the entry of the Order for Relief. Applicants are, therefore, five days late.

Counsel for Plaintiffs, LANIER M. PORTER and JOHN M. LYNN, Co-Trustees, has argued that said applications for removal must be dismissed, and remanded to the State Court, in that the applications for removal were filed more than the thirty (30) days after the Order for Relief allowed in Interim Bankruptcy Rule 7004(a)(3), and that the time limit prescribed by Rule 7004(a)(3) is mandatory, not discretionary, and cannot be extended by the Court for any reason including claims of excusable neglect. Counsel cites the following cases for said proposition: *McCallum v. Upland Car Wash,* 7 B.R. 76 at 77, 6 B.C.D. at 1224 (Bkrtcy.C.D.Cal.1980); *Kozielek v. Alton Telegraph Printing Co.,* 15 B.R. 367, at 370, 8 B.C.D. at 430 (Bkrtcy.S.D.Ill.1981); *In re Menuez,* 15 B.R. 249 (Bkrtcy.N.D.Ohio 1981); *In re Delta Group, Ltd.,* 16 B.R. 333 (Bkrtcy.N.D.Tex.1982); *In re Gurney,* 20 B.R. 91 (Bkrtcy.W.D.Mo., S.D.1982); *In re Zellner,* 22 B.R. 801 (Bkrtcy.N.W.Ohio, W.D. 1982); and *In re Merkle,* 22 B.R. 713 (Bkrtcy.N.D.Ohio 1982).

It is the contention of counsel for the Debtor that the application of the thirty (30) day filing provision as set forth in Interim Rule 7004(a)(3) is discretionary with the Court and not mandatory, and cites the case of *Matter of Circle Litho, Inc.,* 12 B.R. 752 (Bkrtcy.D.Conn.1981) for said proposition. In addition thereto, counsel further cites to the Court Bankruptcy Rule 906(b)(2), to permit the late filing of the application for removal, in that said late filing was the result of excusable neglect.

The Court has now reviewed all cases cited to it by all parties of interest, and has independently researched the relevant statutory and case law precedents.

The Court is in accord with the well reasoned decision outlined in the case of *Matter of Circle Litho, Inc.,* 12 B.R. 752 (Bkrtcy.D.Conn.1981), that the thirty (30) day limitation on removal contained in Rule 7004 is not based on a statute enacted by Congress, but is contained in a local rule only. All time limitations in the rules are subject to Bankruptcy Rule 906, which generally permits time limits set by the rules to be enlarged or reduced. Such enlargement or reduction of time is not permitted where the time limit is contained in a statute.

■ Although some Courts have looked to decisions under 28 U.S.C. Section 1446(b) for guidance in construing the time limitations on removal under Interim Rule 7004, this Court concludes, as was the case in *Circle Litho, Inc.*, that the cases construing the time limitations in Section 1446(b) are not precedential, and the time in Rule 7004(a)(3) is subject to enlargement in the discretion of the Court.

While the Court has the discretion under Rule 906(b)(1) to grant an extension of time where the original period has not expired, the same is not true where the time for filing *has passed.* Then the grant of additional time may be made *only* upon the showing of "excusable neglect." Rule 906(b)(2), Rules of Bankruptcy Procedure. *In re Rogers,* 2 B.R. 485, 486 (Bkrtcy.W.D. Va.1979); *In re Gentry,* 1 C.B.C. 433 (Bkrtcy.W.D.Va.1974).

The Court has reviewed the Motion for an Enlargement of Time in which to File an Application for Removal, pursuant to Rule 906(b)(2) of the Rules of Bankruptcy Procedure, filed by the Debtor, and also has heard extensive argument thereon.

■ To constitute "excusable neglect" under the Rule, something more than ordinary negligence must be shown. It must be something that could not have been prevented by diligence on the part of counsel. *In re Blane,* 1 B.C.D. 176 (Bkrtcy.E.D.Va. 1974); *In re Parrish,* 13 B.R. 539, 8 B.C.D. 285 (Bkrtcy.W.D.Ky.1981). The current trend in case law is toward a strict interpretation of the phrase. *In re Grethen,* 14 B.R. 221, 223 (Bkrtcy.N.D.Iowa 1981), cited *Beneficial Finance Co. v. Manning,* 4 B.C.D. 304, as setting the appropriate standard as "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform."

■ It is the ruling of the Court, and the Court does find, on the present record and pleadings in this proceeding, that counsel for the Debtor has wholly failed to carry the burden of proving such neglect in order to gain the extension requested. The Court does not find that the actions of counsel for the Debtor rise to the level of "excusable neglect," to permit such late filings.

■ It is the further ruling of this Court that, pursuant to 28 U.S.C. Section 1471(b), and in the interest of justice, this Court abstain from any further hearing or proceeding pertaining to Adversary Case No. 83–0053–BKC–JAG–A, LANIER M. PORTER and JOHN M. LYNN, Co-Trustees, Plaintiffs, vs. AIRPORT MARINA, INC., a Florida corporation, et al, Defendants, and Adversary Case No. 83–0056–BKC–JAG–A, LANIER M. PORTER and JOHN M. LYNN, Co-Trustees, Plaintiffs, vs. AIRPORT MARINA, INC., a Florida corporation, et al, Defendants, and that said proceedings be remanded to the State Court for such further proceedings as deemed appropriate.

In light of the foregoing, it is hereby

ORDERED as follows:

1. Pursuant to 28 U.S.C. Section 1471(b), and in the interest of justice, that this Court abstain from any further hearing and determination of the rights of the parties in regard to Adversary Case No. 83–0053–BKC–JAG–A, LANIER M. PORTER and JOHN M. LYNN, Co-Trustees, Plaintiffs, vs. AIRPORT MARINA, INC., a Florida Corporation, et al, Defendants, and Adversary Case No. 83–0056–BKC–JAG–A, LANIER M. PORTER and JOHN M. LYNN, Co-Trustees, Plaintiffs, vs. AIRPORT MARINA, INC., a Florida corporation, et al, Defendants, and that said proceedings are remanded to the County Court, in and for Monroe County, Florida, Case # 82–44–CC–15, and to the Circuit Court of Monroe County, Florida, Case # 82–1059–CA–08.

2. That the automatic stay, pursuant to 11 U.S.C. Section 362, be, and the same is hereby lifted solely as to the State Court proceedings set forth in Paragraph # 1, above.

3. That, pursuant to Interim Rule 7004(j), the Clerk of this Court mail a certified copy of this Order for remand to the Clerk of the County Court, in and for Mon-

roe County, Florida, and the Clerk of the Circuit Court of Monroe County, Florida.