**In re TRANSOCEAN MARINE, INC., Debtor.**

**MTU OF NORTH AMERICA, INC. and MTU-Friedrichshafen, Plaintiffs and Defendants-in-Reconvention,**

v.

**RAVEN MARINE, INC., Transocean Marine, Inc. and Bernard A. Favret, Defendants and Plaintiffs-in-Reconvention.**

**Bankruptcy No. 482–00504–LO.
Adv. No. 483–0095.**

United States Bankruptcy Court, W.D. Louisiana.

May 4, 1983.

Boris F. Navratil, Baton Rouge, La., for MTU–NA and MTU–F.

John Haas Weinstein, Opelousas, La., and B.J. Rawls, Morgan City, La., for Raven Marine, Inc. (Raven), Transocean Marine Inc. (Transocean) and Bernard A. Favret.

*Findings of Fact and Conclusions of Law*

RODNEY BERNARD, Jr., Bankruptcy Judge.

The above-captioned adversary proceeding originated in state court and is before this court on an Application for Removal filed by MTU of North America, Inc. ("MTU–NA") and MTU-Friedrichshafen ("MTU–F").

The court has determined that this matter should be remanded to state court. The following discussion provides the reasons for this determination.

Section 1478 of Title 28 of the United States Code governs the removal of claims and actions to the bankruptcy courts. This section provides as follows:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed *may* remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

(Emphasis supplied.) The emphasized word indicates that a decision to remand is discretionary with the court.

The Interim Bankruptcy Rules, which contain provisions for removal, were adopted by the Western District of Louisiana on September 28, 1979 and made effective on October 1, 1979. Interim Rule 7004 pertains to removal, and the relevant subsections of the Rule provide as follows:

(a)*(2) Time for Filing by Defendant.* The application for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*(3) Time for Filing by Any Party.* If the civil action or proceeding stated by the initial pleading is not within the jurisdiction of the bankruptcy court when initiated, an application for removal may be filed by a party within 30 days after the order for relief in the case under the Bankruptcy Code.

.    .    .    .    .

(j) *Remand.* If at any time before final judgment it appears that the civil action or proceeding was removed improvidently or without jurisdiction, the bankruptcy court shall remand the case, and may order the payment of just costs. A certified copy of the order or remand shall be mailed by its clerk to the clerk of the court from which the civil action or proceeding was removed and that court may thereupon proceed with the case.

The court's first consideration is whether the Application for Removal filed April 22, 1983 was improvidently filed. As stated in the Application, MTU–NA and MTU–F filed suit in state court against Raven, Transocean, and Mr. Favret on July 20, 1982 seeking a rescission of sales of diesel engines and damages, or, in the alternative, judgment. Additionally, judgment was sought for unpaid repair work done by MTU–NA.

Prior to the filing of any answers, Transocean filed a petition for relief under Chapter 11 of the Bankruptcy Code on August 13, 1982. Mr. Favret filed a petition for

relief under Chapter 11 on September 2, 1982. Orders for relief were entered in each case on the date of the filing of the petitions, and both Transocean and Mr. Favret have been maintained as debtors in possession. Raven has not filed a petition for relief under any chapter of the Bankruptcy Code.

■ Subsection (a)(3) of Interim Rule 7004 is applicable to removal in this situation. This court had no jurisdiction over the civil action stated by the initial pleading filed by MTU–NA and MTU–F when it was initiated on July 20, 1982 because Transocean and Mr. Favret had not yet filed their petitions in bankruptcy. However, upon the filing of the petitions, the action became removable. In such a situation, Interim Rule 7004(a)(3) allows both the plaintiffs and defendants 30 days from the date of the order for relief within which to file an application for removal.

■ The time limits set forth in Interim Rule 7004(a)(3) have been strictly enforced by the courts. *E.g. Kozielek v. Alton Telegraph Printing Co., Inc. (In re Alton Telegraph Printing Co., Inc.),* 15 B.R. 367, 370 (Bkrtcy.S.D.Ill.1981). MTU–NA and MTU–F failed to file an application for removal within 30 days after the order for relief was entered for Transocean on August 13, 1982. No circumstances that might justify a late filing, such as lack of notice of the orders for relief, have been brought to the court's attention. For this reason, it appears that removal is improvident.

MTU–NA and MTU–F seem to have filed the application for removal pursuant to subsection (a)(2) of Interim Rule 7004. On March 21, 1983 Raven, Transocean, and Mr. Favret filed an answer to the suit in state court. The answer contained a reconventional demand seeking judgment against MTU–NA and MTU–F for redhibition and breach of contract arising out of the sales of diesel engines that are the subject of the initial pleading filed by MTU–NA and MTU–F. MTU–NA and MTU–F apparently assume that the 30 days should run from their receipt of the answer and reconventional demand. They filed the Application for Removal on April 22, 1983, 32 days after the filing of the answer and reconventional demand. The Application for Removal does not indicate the date upon which MTU–NA and MTU–F received a copy of the answer and reconventional demand or summons.

Assuming the Application for Removal was timely filed within the 30-day period provided in subsection (a)(2) of Interim Rule 7004, it is unclear whether subsection (a)(2) is even applicable. One basis for inapplicability is that the meaning of "defendant" and "initial pleading" in that subsection is unclear. A literal reading of these terms would seem to preclude MTU–NA and MTU–F from filing an application for removal pursuant to subsection (a)(2). An even stronger basis for inapplicability of subsection (a)(2) is that the right to remove first arose under subsection (a)(3) on August 13, 1982 when an order for relief was entered in the Transocean case. As the notes to Interim Rule 7004 indicate, "[t]imely exercise of the right to remove is as important in the bankruptcy context as it is when the removal is from state court to a district court". MTU–NA and MTU–F should not be given two chances at removal.

■ Another factor the court has taken into consideration is that, by filing their answer and reconventional demand in state court, Raven, Transocean and Mr. Favret chose to pursue their claims against MTU–NA and MTU–F in that court. The notes to Interim Rule 7004 state that "if a trustee elects to sue in the district court or a state court, he has made an election to proceed in that forum and removal is inappropriate". A debtor in possession has all the rights of a trustee, subject to certain exceptions not relevant to the issue before the court. 11 U.S.C. § 1170(a). Thus, the court is of the opinion that remand is appropriate in light of Transocean's and Mr. Favret's decision to pursue their claims in state court.

Other important grounds for remand have pursuaded the court that remand is appropriate. Given the nature of the dispute, removal is likely to cause delay in litigation due to jurisdictional problems

posed by the Supreme Court's decision in *Northern Pipeline Construction Company v. Marathon Pipe Line Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The constraints on the bankruptcy court's time caused by a drastic increase in bankruptcy filings within the last few months could also result in delay. Additionally, the claims of all the parties in this litigation involve only questions of state law, and the state court's experience with similar matters would better enable it to handle this type of litigation.

For the reasons stated above, the court finds that this action should be remanded due to improvident removal and sufficient equitable grounds in support of remand.