In the Matter of NORTHERN
PIPELINE CONSTRUCTION
CO., Debtor.

NORTHERN PIPELINE CONSTRUC-
TION CO., Plaintiff,

v.

MARATHON PIPELINE COMPANY,
Defendant.

Bankruptcy No. 3–80–66.
Adversary Proceeding No. 80–0042.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Nov. 17, 1980.

John L. Deveny, Briggs & Morgan, St. Paul, Minn., for plaintiff.

Melvin I. Orenstein, Lindquist & Vennum, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

Northern Pipeline Construction Company ("Northern") commenced this adversary proceeding by filing a complaint on March 21, 1980. The Defendant, Marathon Pipeline Company ("Marathon"), responded to said complaint on May 12, 1980, by filing a motion for an order of the Court dismissing the complaint for lack of jurisdiction and alternatively to abstain or transfer this adversary proceeding on the grounds that there is another lawsuit pending in the United States District Court for the Western District of Kentucky containing essentially the same claims for relief which are asserted in these proceedings. The ground asserted in support of the claim of lack of jurisdiction is that the exercise of jurisdiction herein by the Bankruptcy Court is an unconstitutional exercise of the jurisdictional power granted solely to the courts of the United States under Article III, Section 1 of the United States Constitution.

A hearing was held on Defendant's motion pursuant to notice duly given on May 22, 1980 in the United States Court House, 316 North Robert Street, St. Paul, Minnesota. John L. Deveny of the law firm of Briggs and Morgan, St. Paul, Minnesota, appeared on behalf of the Plaintiff and Melvin I. Orenstein of the law firm of Lindquist & Vennum, Minneapolis, Minnesota, appeared on behalf of the Defendant. The Court, subsequent to said hearing, pursuant to 28 U.S.C. § 2403(a) informed the United States Attorney General of the constitutional issue present in this litigation. Thereafter, on September 10, 1980, the United States of America moved the Court to allow the United States of America to intervene in the above-captioned proceedings as a matter of right under Rule 24(a)(1), Federal Rules of Civil Procedure and 28 U.S.C. § 2403(a). The Court entered its order granting the motion to intervene on September 10, 1980.

Northern is a Debtor in a proceeding for Reorganization under Chapter 11 of the Bankruptcy Code and has commenced the present action against Marathon for damages estimated to be approximately $2,500,-000.00 arising out of Marathon's breaches of contract and warranty, misrepresentation, coercion and duress, extra work orders or quantum meruit.

This proceeding is of the sort that this Court had no statutory jurisdiction to hear prior to the passage of the Bankruptcy Reform Act of 1978. The Reform Act created a new court and substantially enlarged the jurisdiction of the former Bankruptcy Courts.

Defendant's motion to dismiss raises a constitutional issue by asserting that the Bankruptcy Reform Act of 1978 has unconstitutionally vested Article III judicial power in non-tenured judges and thus the Bankruptcy Court is barred from exercising jurisdiction over this litigation because it lacks jurisdiction over the subject matter of this litigation.

## JURISDICTIONAL ISSUE

The Defendant urges that the Bankruptcy Reform Act of 1978 expanded the jurisdiction of the Bankruptcy Court so that it may now hear and try the same cases which are heard and tried by Federal District Court under the jurisdiction provisions of Article III of the Constitution and thus the Bankruptcy Court is therefore exercising the "judicial power" of the United States as set forth in Article III. That Defendant further urges that Congress having created

a Bankruptcy Court with jurisdiction equivalent to that of the United States District Court must also give the judges of the Bankruptcy Court life tenure and a salary which may not be reduced. The Defendant correctly points out that the judges of the new Bankruptcy Court are not life tenured. 28 U.S.C. § 153(a). The Defendant, from the foregoing concludes that the Bankruptcy Reform Act of 1978 has unconstitutionally vested Article III judicial power in non tenured judges and that being so the Bankruptcy Court is barred from exercising that jurisdiction and, absent such power, this Bankruptcy Court has no jurisdiction over the subject matter of this litigation and the complaint should therefore be dismissed.

The Plaintiff on the other hand sees the issue to be whether the judicial powers under Article III of the Constitution may be bestowed upon Article 1 Courts and concludes citing *Palmore v. United States*, 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973) that Congress can grant judicial powers to Article I courts and in the Bankruptcy Reform Act of 1978 has done so, creating a new Article I court of record to be known as the United States Bankruptcy Court.

The United States position set forth in its brief is that "The changes effected by the Reform Act reflect nothing more than a revision in accordance with prior practice in the Bankruptcy Court." The United States notes a significant change from the practice in effect prior to the adoption of the Reform Act and calls it constitutionally irrelevant as being only the expressed intention of Congress to remove the consent of the defendant as a precondition for the exercise of jurisdiction by the Bankruptcy Court. The United States asserts that the jurisdiction of Bankruptcy Courts is derived from Congressional powers under Article I and not from the grant of judicial power under Article III of the Constitution and adjudication of controversies in Bankruptcy proceedings is an exercise of Congress' plenary power over the law of bankruptcy under Article I and not at all the exercise of the judicial power of the United States under Article III. *United States v. Raddatz*, —— U.S. ——, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

Section 201(a) of Title II of the Bankruptcy Reform Act of 1978, 28 U.S.C. § 151, created a new court of record known as the United States Bankruptcy Court. This legislation provides that there shall be a bankruptcy court in each judicial district which will be an "adjunct to the district court for such district." 28 U.S.C. § 151(a). It was further provided that such "bankruptcy court shall consist of the bankruptcy judge or judges for the district." 28 U.S.C. § 151(b). These judges who collectively constitute the new bankruptcy court are to be appointed by the President with the advice and consent of the Senate.

The Jurisdiction of the bankruptcy court is provided in 28 U.S.C. § 1471. The court is given "original and exclusive jurisdiction over all cases under title 11" § 1471(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11", § 1471(b). Further, the bankruptcy court in any given district "shall exercise all of the jurisdiction conferred by § 1471 . . . on the district courts." § 1471(c).

This grant of jurisdiction, most notably § 1471(b), is a substantial enlargement of the jurisdiction of the former bankruptcy courts. This fact was noted in the House Report to the legislation which ultimately became § 1471(b).

"Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of. proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts." H.R.Rep.No.595, 95th Congress, 1st Session, 445 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6400.

■ Based on the references to legislative history provided in the filed briefs it is clear that Congress did create a new court, the Bankruptcy Court as an Article I Court, and when it did so it was fully apprised of the constitutional considerations posed by Article I and Article III of the United States Constitution. Congress determined that it preferred and had the power to utilize a court staffed by judges without lifetime tenure and created a court with attendant judgeships with service terms of fourteen years.

All Acts of Congress are presumed to be constitutional. Resolving every doubt in favor of constitutionality and indulging in a strong presumption of constitutionality, as this Court must, the only conclusion this Court may reach is the Congressional grant of power and jurisdiction made to the Bankruptcy Court in the Bankruptcy Reform Act of 1978 is proper and constitutional. This Court does have jurisdiction to hear and determine the plaintiff's claim now pending in the adversary proceeding before the Court.

## DISMISSAL BY REASON OF ANOTHER PENDING ACTION

Alternatively Marathon moved the Court for an order dismissing this proceeding on the grounds that there is a lawsuit pending against Marathon instituted by Northern in the United States District Court for the Western District of Kentucky arising out of the same cause of action being asserted in these proceedings and Northern is barred from instituting these proceedings having failed to pursue its right of removal within the time limit specified under Rule 7004 of the Interim Bankruptcy Rules adopted by this Court.

The action by Northern against Marathon in the Western District of Kentucky was commenced some time before the filing of the Debtor's Chapter 11 proceedings on January 14, 1980, and is still pending. Marathon asserted a counterclaim in that action which is affected by the automatic stay provisions of the Bankruptcy Code. The stay provisions of 11 U.S.C. § 362 and Rule 401 of the Bankruptcy Rules reach claims asserted against but not claims asserted by the debtor.

■ A pending action will not abate because of the filing of a bankruptcy petition by the plaintiff, nor is the pendency of an action in one court a bar to a subsequent action for the same relief. A litigant has a right to have his action tried wherever he can find venue.

Since this action was commenced in the United States District Court, Western District of Kentucky, Northern's financial condition has deteriorated substantially. The commencement of this proceeding in Minnesota Bankruptcy Court was a calculated move made by the Debtor for its convenience as dictated by its financial condition. The Bankruptcy Code contemplates that this may be done. Section 1478 of the Bankruptcy Code is not a bar to pursuing a pending claim other than by exercising the removal mechanisms of Section 1478. The removal provisions of Section 1478 provide one way to get an action pending in another court before the Bankruptcy Court—it is not an exclusive avenue—Northern has achieved its desire to litigate this case in its home district by commencing a new action in the Bankruptcy Court in the district where it filed its original petition. This alternative is permissible under the new Bankruptcy Code.

## ABSTENTION FROM A PROPER EXERCISE OF JURISDICTION

Defendant urges that the Court should refrain from exercising jurisdiction, deferring in the interest of justice to the District Court for the Western District of Kentucky. The Court Northern originally selected is a proper forum for the litigation of the type of claim here involved. Marathon asserts that the Court in Western District of Kentucky is the only forum in which full relief can be afforded the parties because of the foreclosure of a mechanics lien asked for in that original action and thus this Court cannot afford full relief to the parties because Northern in order to foreclose its lien would have to do so in a Kentucky Court.

■ The Bankruptcy Code authorizes abstention "in the interest of justice." The existence of the mechanics lien claim pending in Kentucky would in no way cause difficulty to a resolution of the basic claims in the Minnesota Court. This matter may be fully adjudicated here and if necessary Northern could then proceed to Kentucky to foreclose its lien. The litigation in the Western District of Kentucky has not ripened to the extent that that is the one case to proceed with out of the two cases that are now pending one in Kentucky and one in Minnesota. Of consideration to the Court is the financial condition of Northern. To require it to litigate this claim in Western District of Kentucky would impose an additional hardship on a company that is not now in a normal operating posture. It is in financial difficulties and this Court is satisfied that venue of this action has been properly laid in this Bankruptcy Court in Minnesota. The Defendant has failed to make a showing which would require this Court to abstain.

### TRANSFER OF THIS ACTION

■ Marathon's final argument is that in the event that the Court does not dismiss the action, nor abstain from exercising jurisdiction, venue should be transferred to the Bankruptcy Court of the Western District of Kentucky pursuant to § 1475 of the Bankruptcy Code. This Court, once having accepted jurisdiction of the litigation should proceed with caution of any request to transfer the litigation from this District to another District. Marathon asserts that it is in the interest of justice and convenience of all the parties to require that this action be transferred to the Bankruptcy Court of the United States District Court for the District of Kentucky pursuant to 28 U.S.C. § 1475. The dispute presented in this litigation arose out of the construction of facilities located in Jefferson County, Kentucky. Northern voluntarily venued its original suit in that District where it did business under the contract between the parties. Proceedings in Kentucky are not necessarily more convenient and inexpensive as those terms are understood by § 1475 of the Bankruptcy Code and 28 U.S.C. § 1404(a).

One of the factors to be examined in determining the "convenience of the parties" is the relative economic ability of the litigants to bear the expense of trial in a particular forum. Northern is a corporation with its principle place of business in Minnesota and presently has no operations in the state of Kentucky. Marathon is a national corporation which is licensed to do business in Minnesota. The cost to Northern, presently a debtor in a Chapter 11 proceedings through reorganization, would necessarily be greater in Kentucky than in Minnesota. The average cost of travel and transportation of witnesses residing in this state which would be necessitated by further proceedings in Kentucky must be considered. Weighing the relative expense and inconvenience between the parties, the Court is satisfied that the interest of justice favor keeping this case in Minnesota. ACCORDINGLY, IT IS ORDERED that the Defendant Marathon's motion to dismiss this action for lack of jurisdiction on the grounds that the exercise of jurisdiction herein by the Bankruptcy Court is an unconstitutional exercise of the jurisdictional power granted solely to the Courts of the United States under Article III, Section 1 of the United States Constitution be and the same is hereby denied.

IT IS FURTHER ORDERED that in all other respects, the motion to dismiss this proceedings on the grounds that there is a lawsuit pending against the Defendant in the United States District Court for the District of Kentucky arising out of the same cause of action, or in the alternative to abstain from hearing this matter in the interest of justice and alternatively to transfer the proceedings to the Bankruptcy Court of the United States District Court for the Western District of Kentucky in the interest of justice and the convenience of parties be and the same are hereby denied.