In re Vincent F. MENUEZ, Debtor.

BANCOHIO NATIONAL BANK, Plaintiff,

v.

Vincent R. MENUEZ, Debtor-Defendant.

Bankruptcy No. 581–1152.

Adv. 581–0701.

United States Bankruptcy Court, N. D. Ohio.

Nov. 13, 1981.

Frederick S. Corns, Akron, Ohio, for plaintiff.

Cynthia Powell, Akron, Ohio, for defendant.

Harold Corzin, Akron, Ohio, Trustee.

H. F. WHITE, Bankruptcy Judge.

This cause came on for determination upon a motion filed by the Plaintiff to consolidate this case with Case No. CV 81–6–1578 of the Summit County Court of Common Pleas. An order of that court dated August 26, 1981, which Order removed that case to this Court, was filed by Plaintiff with this Court on October 15, 1981.

This adversary proceeding was commenced on August 25, 1981 by Plaintiff, BancOhio National Bank. The complaint seeks to have determined the dischargeability of a debt owed Plaintiff by Debtor, which debt is alleged to be nondischargeable pursuant to 11 U.S.C. Section 523. The case from the Common Pleas Court of Summit County which is sought to be consolidated with this case is an action brought by Plaintiff, BancOhio National Bank, to set aside a fraudulent conveyance.

28 U.S.C. Section 1478 provides for the removal of a case from state court or district court to the "bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action." The ability to remove a case from state court or district court to the bankruptcy court is new under the Bankruptcy Reform Act of 1978.

The Bankruptcy Rules of Procedure as they presently exist do not cover the procedure to be followed for removal of a case to the bankruptcy court. Interim Rules were drafted by the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States to deal with those areas, such as removal, which were not covered by the existing Bankruptcy Rules. The Interim Rules, with one exception, were adopted by the Bankruptcy Judges for the Northern District of Ohio and are to be followed in the bankruptcy courts of this district where applicable.

Interim Rule 7004 provides the procedure to be followed in order to have a case removed from state court to bankruptcy court. That Rule provides that a verified application containing a statement of the facts which show that a party is entitled to

removal must be filed by the party seeking removal in the bankruptcy court for the district or division in which the state court action is pending. The application is to be accompanied by a copy of all process and pleadings filed in the state court. The application, where the removing party is not the defendant, is to be filed within thirty days from the date the order for relief was granted in the bankruptcy case. The applicant is also to post a bond at the time the verified application is filed with the bankruptcy court.

■ No such verified application has been filed by Plaintiff, BancOhio National Bank, herein. Instead, Plaintiff has filed with this Court an Order of the Summit County Court of Common Pleas which order purports to transfer to this Court the case in question. This Order was filed with the Court of Common Pleas on August 25, 1981 which is more than thirty days after the Order of Relief was granted Debtor on July 13, 1981. The order of the Common Pleas Court was not filed with this Court until October 15, 1981. Additionally, it appears that Plaintiff failed to file a bond with the Clerk of the Bankruptcy Court at the time it filed the Order in question with this Court. Thus, Plaintiff has failed to comply with Interim Bankruptcy Rule 7004 in its entirety.

■ Plaintiff is attempting to rely upon an order of the state court to have this case transferred to the bankruptcy court. The removal of a case from the state court to bankruptcy court, however, lies within the discretion of the bankruptcy court. Indeed, the decision of a bankruptcy court to remand a case removed from state court to bankruptcy court is made non-reviewable under 28 U.S.C. Section 1478(b). Removal of a case is not to be had automatically. Although it was the intent of Congress that these state suits be stayed during bankruptcy, 11 U.S.C. Section 362, nothing contained within the Bankruptcy Reform Act of 1978, including 28 U.S.C. Section 1478, indicates that it was Congress' intent that all cases pending in state courts be automatically transferred to the bankruptcy court.

Interim Rule 7004 is substantially in conformance with 28 U.S.C. Section 1446–1451 and Rule 81(c) of the Federal Rules of Civil Procedure dealing with removal to the district courts from state court. See Note to Interim Rule 7004. Like Interim Rule 7004, 28 U.S.C. Section 1446, dealing with the procedure for removal to Federal District Courts, requires that a verified application be timely filed and accompanied by a bond in the Federal District Court to which removal is sought.

The requirements for removal as set forth in 28 U.S.C. Section 1446 are mandatory and must be followed in order to effectuate transfer of a case from state court to federal district court. *Babbit v. Clark*, 103 U.S. 606, 26 L.Ed. 507 (1880). The petition and bond required by 28 U.S.C. Section 1446 have been said to be "in the nature of process" and constitute the process by which a case is transferred from state to federal court. *Kinney v. Columbia Savings and Loan Association*, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903).

In *In re McCallum*, 7 B.R. 76 (Bkrtcy.C.D. Cal.1980), the Bankruptcy Court for the Central District of California looked to decisions rendered under 28 U.S.C. Section 1446 in holding that the thirty-day time requirement for filing an application for removal was mandatory. But see *In re Circle Litho, Inc.*, 12 B.R. 752, 8 BCD 64 (Bkrtcy.D.Conn. 1981).

In the instant case, no attempt whatsoever has been made to comply with the Interim Rule adopted by this Court governing the procedure to be followed to have a case removed to this Court. Thus, whether or not this Court has the ability to extend the time for filing an application for removal as was held in *In re Circle Litho, Inc.*, is not at issue. The motion to consolidate must be denied as Plaintiff, BancOhio National Bank, has failed to properly apply for the removal of Summit County Court of Common Pleas' Case No. CV–81–6–1578 to this Court.

BE IT SO ORDERED.