**AMERICAN FIDELITY INVESTMENTS 501 West High Street P. O. Box 1848 Springfield, Ohio, Plaintiff,**

v.

**Frederic E. GAGEL 4889 Far Hills Avenue Kettering, Ohio 45429, Defendant.**

**In the Matter of GWF INVESTMENT, LTD., Debtor.**

**Adv. No. 3–81–0733. Bankruptcy No. 3–81–00699.**

United States Bankruptcy Court, S. D. Ohio, W. D.

May 14, 1982.

Donald J. Shuller, Columbus, Ohio, for plaintiff.

Horace Baggott, Sr., Dayton, Ohio, for debtor.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court on Plaintiff's Motion to Remand the instant adversarial proceeding to the Municipal Court of the City of Dayton, Ohio. The Court considered the Motion at a pretrial conference held on 4 January 1982. At the pretrial, the parties decided that the Court could render decision based upon the record. Defendant also indicated at the pretrial that he would submit a memorandum *contra* to Plaintiff's memorandum, attached to the Motion, within fourteen days of the pretrial. The Court notes that to date no memorandum has been filed on Defendant's behalf. The following decision is based upon Plaintiff's memorandum and the record.

### FINDINGS OF FACT

This proceeding was commenced by the filing of a Complaint in Forcible Detainer (Case No. 81–CVG–8153) by Plaintiff in the Municipal Court of the City of Dayton, Ohio, on 31 July 1981. The action is essentially an eviction action whereby Plaintiff prays for restitution of the premises, an apartment complex known as Hampton Square, from Defendant, the "lessee." The Court notes that this Complaint was filed subsequent to the filing date of Debtor's bankruptcy petition (5 March 1981).

On 30 October 1981, Defendant filed an Application for Removal to this Court. Defendant contends that Debtor possesses equitable title to the subject property, and that this Court therefore possesses exclusive jurisdiction over the *res*, and concurrent jurisdiction over the action. 28 U.S.C. § 1471(b) and (e). Apparently, Defendant contends that its leasehold interest, created through arrangements indicating that

Plaintiff is legal titleholder, was, in substance, intended to constitute equitable title to the subject property, and that Debtor is a subsequent transferee of the alleged equitable title. The Court notes that there are no proceedings before the Court for determination of Debtor's interest in the subject property.

In response, Plaintiff filed the instant Motion to Remand on 16 November 1981. Plaintiff initially contends that the matter should be remanded for noncompliance with Interim Bankruptcy Rule 7004, specifically for failure to remove within thirty days of the filing of a post-petition complaint, and failure to provide bond. Interim Rules 7004(a)(2) and (b), respectively. Plaintiff further contends that, in addition to the alleged procedural defects, the Court should remand the proceeding on substantive and equitable grounds alleged, as follows: Debtor is not a party to the instant proceeding; Defendant has provided no documentation of the Debtor's alleged interest in the subject property; the proceeding is unrelated to, and can be decided independently of, any determination that this Court may render in the future in regard to Debtor's interest in the subject property; only state law questions are at issue; and this matter does not necessitate resolution by this Court in order to protect Debtor's estate.

## DECISION AND ORDER

### I

█ The initial question before the Court is whether Bankruptcy Rule 906 affords the discretion to permit removal to this Court after expiration of the thirty day period prescribed in Interim Rule 7004(a)(2).

Interim Rule 7004(a)(2) is a rule of local bankruptcy procedure. As such, it is not determinative of this Court's jurisdiction over a removed matter, but instead merely establishes the guidelines for removal. As a procedural matter, it is the opinion of this Court that it may be deemed permissive, at the discretion of the Court.

This Court is cognizant of case law which has interpreted the thirty day provision of Interim Rule 7004(a)(2) as mandatory. *In Re Alton Telegraph Printing Co., Inc.*, 15 B.R. 367 (Bkrtcy.S.D.Ill.1981); *In Re McCallum*, 7 B.R. 76, 6 B.C.D. 1223 (Bkrtcy. C.D.Cal.1980); and *Matter of Northern Pipeline Construction Co.*, 6 B.R. 928, 6 B.C.D. 1277, 3 C.B.C.2d 456 (Bkrtcy.D.Minn. 1980). This case law is rooted largely in federal case law dealing with removal to district courts under 28 U.S.C. § 1446, which some courts have read *in pari materia* with Interim Rule 7004(a). *In Re Alton Telegraph Printing Co., Inc., supra*, at 370; and *In Re McCallum, supra*, at 77.

This Court, however, is of the opinion that the concerns pertaining to timely removal to a district court are markedly different from those regarding the exercise of bankruptcy court jurisdiction over a removed proceeding. Generally, removal to district court is a right afforded to defendants who may otherwise be prejudiced by the plaintiff's choice of a local state forum or by unequal docket backlogs in the two forums. In the context of the district court, therefore, the basic function of the right of removal is to abate the potential abuse resulting from what would otherwise be a plaintiff's prerogative in choosing between forums with concurrent jurisdiction. The circumstances for exercise of district court jurisdiction over cases removed untimely are, therefore, generally not compelling since district court refusal to accept removal jurisdiction does not leave the parties without a competent forum for adjudication of the questions raised. The removal provisions to a district court under 28 U.S.C. § 1446(b) are statutory and jurisdictional.

In the context of bankruptcy court litigation, however, the circumstances for exercise of jurisdiction over a proceeding removed by an untimely application may be considerably more compelling. Foremost, acceptance of an untimely application for removal may be necessary to enable the expeditious and effective administration of the bankruptcy proceeding, particularly if the proceeding is dispositive of property rights within the exclusive jurisdiction of

the bankruptcy court. 28 U.S.C. § 1471(e). Circumstances may exist in which a bankruptcy court's automatic decline of the exercise of jurisdiction over a removed matter on the ground of procedural untimeliness may have substantive ramifications, including the potential complete halt of administration of a debtor's estate, concerns which are not presented in the typical refusal by a district court to exercise jurisdiction over a removed proceeding because of procedural untimeliness.

Given these *sui generis* concerns, it is the determination of this Court that statutory limitations in 28 U.S.C. § 1446 should not be read *in pari materia* with Interim Rule 7004. It is the further finding of the Court that the "mandatory" and "strict application" by district courts of the time period for removal to district court, (See, for example, *Albonetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825 (D.C.Tex. 1981); and *Perrin v. Walker*, 385 F.Supp. 945 (D.C.Ill.1974)), would be an unwise approach for consideration of untimely removed proceedings by bankruptcy courts, and that bankruptcy courts should exercise discretion under Bankruptcy Rule 906(b)(2) pertaining to enlargement of time limitations in the Rules, there being no jurisdictional limitation under 28 U.S.C. § 1478 and see *Matter of Circle Litho, Inc.*, 12 B.R. 752, 8 B.C.D. 64, 4 C.B.C.2d 1204 (Bkrtcy.D. Conn.1981).

## II

█ The Court similarly finds that "noncompliance" with the bond requirement of Interim Rule 7004(b) does not preclude exercise of jurisdiction over a proceeding removed to this Court. It is the determination of the Court that noncompliance with the bond requirement should not operate to effect an automatic forfeiture of the right of removal, but instead may be remedied by the removing party, adjusted by the Court, or waived by the parties. Furthermore, under local Interim Bankruptcy Rule 7004(b), a bond would not be mandatory as to a debtor in possession.

## III

█ The proper procedure for removal beyond the thirty day period established in Interim Rule 7004(a)(2) is to file an application under Bankruptcy Rule 906 with the Court for a grant of leave to remove outside of the thirty day period. The Court notes that no such application was filed *instanter.* The key criterion in ruling upon the application should be the necessity of bankruptcy adjudication of the proceeding in the context of administration of the debtor's estate, taking into account any resulting prejudice to the nonremoving parties. If the Court determines that litigation of the matter by this Court is not compelling, then the Court should determine whether the removing party's neglect in filing untimely is excusable. Bankruptcy Rule 906. The Court notes that in the event leave is not granted, the parties can nevertheless institute an identical proceeding in the bankruptcy court without reference to the state court action. *Matter of Northern Pipeline Construction Co., supra.*

## IV

█ In the instant matter, it is the determination of the Court that Defendant has failed to establish that bankruptcy court adjudication is compelling, or that Defendant's untimely removal should be deemed excusable neglect. On the facts, Debtor does not appear to be a party to the instant proceeding, and, further, is not a party to any proceeding before this Court for determination of Debtor's alleged property interests in the subject property. Resolution of the instant dispute may ultimately implicate Debtor's estate, but this effect would be the indirect result of the disposition of separable state law issues between parties not involved in proceedings before this Court, regarding rights which Defendant alleges were transferred to Debtor, but which Debtor has not asserted in formal proceedings before this Court. As the proceedings involving Debtor stand, resolution of the case at bar would have no effect on Debtor's bankruptcy estate, and any effect could only be accomplished through the in-

stitution of separate proceedings for determination of Debtor's "transferee" status, proceedings not presently before the Court and, even if filed, separable from the proceeding *instanter.* Speculation by this Court as to the effect the instant proceeding may have on Debtor's estate, when such effect is itself based upon speculation as to future actions by interested parties, is an insufficient basis for acceptance of removal jurisdiction by either timely or untimely application. See nexus criteria for removal to this Court as delineated in *I.L.C. Inc. v. Ebrights Refrigeration Equipment et al.,* 13 B.R. 546, 4 C.B.C.2d 1543 (Bkrtcy.1981).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the instant proceeding be remanded to the Municipal Court of the City of Dayton, Ohio.