In re Norman Clarence MERKLE and Renee Madeleine Merkle, Debtors.

BANCOHIO NATIONAL BANK, executor of estate of Jesse F. Tucker, deceased, Plaintiff,

v.

Billie Jean TUCKER, et al., Defendants.

In re OVERDALE VILLAGE, INC., Debtor.

BANCOHIO NATIONAL BANK, executor of estate of Jesse F. Tucker, deceased,

v.

Billie Jean TUCKER, et al., Defendants.

Bankruptcy Nos. 582–883, 582–914. Adv. Nos. 582–0532, 582–0528.

United States Bankruptcy Court, N. D. Ohio.

Aug. 30, 1982.

**714**

E. William Haley, Jr., Akron, Ohio, for applicant.

John J. Guy, Akron, Ohio, for Norman and Renee Merkle.

Roger Stevenson, Akron, Ohio, for Overdale Village, Inc.

Jay Porter, Frank Quirk, Eloise Mackus, Akron, Ohio, for Billie Jean Tucker.

Thomas F. Haskins, Jr., Akron, Ohio, for Continental Federal Sav. and Loan and Great Northern Sav. Co.

Nancy L. Kelley, Akron, Ohio, for Summit County Treasurer.

Russell Harpster, Ashland, Ohio, for Wayne Sav. and Loan.

Michael Stark, Akron, Ohio, for BancOhio National, executor of estate of Jesse F. Tucker, deceased.

Terry Hollister, Akron, Ohio, for First Nat. Bank.

H. F. WHITE, Bankruptcy Judge.

These adversary proceedings were commenced on July 13, 1982 by the filing of Applications for Removal by The Bankers Guarantee Title and Trust Company (hereinafter referred to as "Bankers"). The applications were set for hearing on July 27, 1982.

BancOhio National Bank, Executor of the Estate of Jesse F. Tucker, Deceased (hereinafter referred to as "BancOhio"), has filed Memorandums in Opposition to the Applications in both cases. Defendant, Billie J. Tucker, has filed a Motion to Remand to the Summit County Common Pleas Court, Probate Division, in Adversary Proceeding No. 582–0528 in the Overdale Village, Inc. Bankruptcy Chapter 11 proceeding, Case No. 582–914.

The Application for Removal filed in the Chapter 11 proceeding No. 582–883, Norman Clarence Merkle and Renee Madeleine Merkle, (hereinafter referred to as Merkle), was joined by said debtors, being Adversary Proceeding No. 582–0532. In the adversary proceeding 582–0528 filed against Overdale Village, Inc., (hereinafter referred to as "Overdale"), Bankruptcy Chapter 11 proceeding Case No. 582–914, the Application for Removal was joined in by Great Northern Savings Co.

FACTS

The facts as they appear from the pleadings and representations made by counsel at

the hearing held on July 27, 1982 are as follows:

On February 3, 1982, BancOhio filed a Land Sale Proceeding in the Probate Division of the Summit County Common Pleas Court (hereinafter referred to as "Probate Court"). This proceeding was filed as part of the administration of the estate of Jesse F. Tucker, Deceased. Due to the substantial number of properties sought to be sold through that proceeding, individual numbers were given to the various real properties involved in that action.

Bankers' applications seek to remove to this Court two of the parcels involved in that land sale proceeding. The real estate designated as Parcel No. 103 in the land sale proceeding is located at 22 and 30 South Pershing Avenue, Akron, Ohio. The said real property is the security, along with an assignment of rents, for a promissory note in the amount of $450,000.00 executed by Overdale to Bankers on July 6, 1981. Said note was also executed by the decedent on his own behalf and as attorney in fact for his wife, Billie J. Tucker. It has been indicated to the Court that Overdale did give additional security on the $450,-000.00 note, being property titled in Overdale over which this Court does have jurisdiction and is presently administering.

Parcel No. 258 is a parcel of land located at Cleveland-Massillon Road and Shannon Avenue in Norton and Barberton, Ohio. Debtors, Norman Clarence Merkle and Renee Merkle (by Norman Merkle, her attorney in fact), executed a promissory note in the amount of $177,000.00 to Bankers. The promissory note which was also executed by Jesse F. Tucker, individually and as attorney in fact for Billie J. Tucker, was secured by a mortgage and assignment of rents for the property located at Cleveland-Massillon Road and Shannon Avenue. The note was also secured by additional real property titled in Merkles' names. This property is located at 2067, 2085, 2105 Romig Road and 13th Street and Indian Trail, Akron, Ohio and is being administered by this Court. The note and mortgage were executed on November 26, 1979.

Parcels No. 103 and 258 were both titled in the names of Jesse F. Tucker and Billie J. Tucker at the time that the notes were executed and at the time of Jesse F. Tucker's death. Bankers appears to be a creditor holding a third mortgage on the two parcels in question. Other creditors hold first and second mortgages on the parcels.

A petition in Bankruptcy pursuant to Chapter 7 of the Bankruptcy Code was filed by Overdale on May 20, 1982. Overdale is one of several corporations operated by Jesse F. Tucker in which he had an interest as a stockholder and officer. An Order for Relief was entered on May 20, 1982. Thereafter, the proceeding was converted to a Chapter 11 proceeding by debtor on June 16, 1982. Debtors, Norman Merkle and Renee Merkle, filed their Petition in Bankruptcy pursuant to Chapter 11 on May 17, 1982 and an Order for Relief was entered that date.

The applications for removal were filed by Bankers on July 13, 1982. The applications were each accompanied by a bond in the amount of One Thousand Dollars.

## ISSUE

The issue presented this Court is whether the matters removed to this Court by Bankers from the Summit County Common Pleas Court, Probate Division, should be retained by this Court for decision or whether they should be remanded back to that Court.

## LAW

These matters are before the Court following the filing of Applications for Removal by Bankers. Also before the Court are Memorandums in Opposition to Removal filed by BancOhio and a Motion for Remand filed by Defendant, Billie J. Tucker. Having examined all pleadings filed herein as well as the authorities, this Court finds that the matters removed to this Court should be remanded to the Summit County Common Pleas Court, Probate Division.

■ Initially, Bankers failed to satisfy the procedural requirements for removal of a case to this Court. The procedure to be

716

followed when removal of a case to this Court is sought is set forth in Interim Bankruptcy Rule 7004.[1] That rule requires that a verified application, setting forth the facts which entitle the applicant to removal, be filed in the appropriate bankruptcy court. The application is to be accompanied by a copy of all process and pleadings filed in the state or district court in which the action was initially filed, as well as a bond. The application is to be filed within thirty days after the Order for Relief is entered by the bankruptcy court. Interim Rule 7004(a)(3).

In the instant case, the applications filed by Bankers were verified by J. L. Montgomery, Vice-President of Bankers. The applications were each accompanied by a bond in the amount of $1,000.00. Although copies of the process and pleadings from the state court action were not filed along with the applications, Bankers did attach to the applications copies of the promissory notes, mortgage deeds, and assignment of rents and leases referred to in its Applications. The Applications were filed on July 13, 1982 or substantially beyond the thirty-day period set forth in the Interim Rules for such applications to be filed.

In *In Re Menuez*, 15 B.R. 249, 3 Bkrtcy.L. Rep. (CCH) ¶ 68,446 (Bkrtcy.N.D.Ohio 1981), this Court held that the requirements of Interim Rule 7004, including the requirement that applications for removal be filed within thirty days after an order for relief has been entered, must be followed in order for a case to be removed to the bankruptcy court. This Court continues to adhere to the decision in that case. In the instant case, Bankers failed to file its Applications within thirty days from the date on which the Order for Relief was entered in the two bankruptcy cases. Bankers further failed to file a copy of all process and pleadings filed in the state court case with this Court. As such, the removal may not be allowed.

■ Even if timely filed, this Court would not retain jurisdiction over the matters removed but would abstain. 28 U.S.C.

Section 1471(d) provides that a court may, in the interest of justice, abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise." The inclusion of this subsection in the Code is said to be a recognition on the part of Congress that there are some cases involving issues of state law which are more appropriately heard by a state court, even though the bankruptcy court may have jurisdiction over the case. S.Rep.No. 95–989, 95th Cong., 2d Sess. 154 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

This Court finds that it is more appropriate to have the Probate Court hear the land sale proceeding as a whole, rather than to fragment said case and allow two courts to hear portions thereof. The land sale proceeding is a case involving many parcels of real property owned individually by Jesse F. Tucker. It has been pending before the Probate Court for approximately six months. During that time, the Probate Court has taken some measures, such as assigning individual numbers to the various real properties involved, to make the case manageable. The Probate Court has further had the time to acquaint itself with the various issues involved and to develop a general understanding of the case.

The land sale proceeding is but one facet of the estate of Jesse F. Tucker, deceased. The Court takes note of the fact that said estate is a large and complex one, concerning many issues, parties, assets and liabilities. Under Ohio law, the administration of this estate is committed to the exclusive jurisdiction of the Probate Division of the Common Pleas Court. Ohio Revised Code Section 2101.24. This Court believes that the decision of the Ohio legislature to commit probate issues to the exclusive jurisdiction of one division of the Common Pleas Court should be respected, notwithstanding the fact that this Court may have jurisdiction over the matters under 28 U.S.C. Section 1471(b).

---

1. The Interim Bankruptcy Rules were adopted as the local rules of the Bankruptcy Courts in the Northern District of Ohio by the bankruptcy judges of this district.

Further, fragmentation of this case by allowing the removed cases to remain in this Court will necessarily result in greater expenses for the concerned parties. Many of the parties before this Court are also parties in other land sale proceedings pending in Probate Court. Retaining these cases for decision would result in these parties having to appear and defend in two courts.

Fragmentation may also result in inconsistent decisions. Defendant, Billie J. Tucker, in her Motion to Remand, has asserted that her defenses in this Court are essentially the same as her defenses in the Probate Court. The defenses raised in both courts deal with the decedent's authority to sign the movant's name to various notes and mortgages as well as the validity of the powers of attorney used by the decedent to obtain the mortgages. These defenses raise factual issues. Whenever more than one person must make a decision on a factual issue, the potential exists for inconsistent results.

Based on the above, this Court believes that it would not be in the interest of justice for it to rule on the issues presented in the land sale proceeding insofar as they relate to Parcels Nos. 103 and 258. The issues involved are issues of state law, issues which by state statute are committed to the exclusive jurisdiction of the Probate Division of the Common Pleas Court. As such, this Court does not intend to retain these cases for decision. Neither of the debtors have title to the parcels that are part of the land sale proceeding. Therefore, the administration of the debtors' estates is not directly affected by the state court proceeding, with the exception of their individual liability, which this Court has jurisdiction to determine, if claims are filed. Had the debtors claimed title to the parcels in liquidation, then this Court would consider the application in a different light.

Moreover, a recent decision of the United States Supreme Court casts great doubt on the constitutionality of the jurisdictional section of the Bankruptcy Reform Act. In *Northern Pipeline Construction Co.*

*v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court, in a plurality opinion, held that Congress, in the Bankruptcy Code, had granted judicial power to the bankruptcy courts, the same being non-Article III courts, in violation of the requirements of Article III of the United States Constitution. The Supreme Court stayed judgment in *Northern Pipeline* until October 4, 1982, in order to allow Congress an opportunity to revise the bankruptcy laws.

The cases under consideration involve issues solely of state law. As such, and unless Congress would create the bankruptcy court Article III courts, the Court will cease to have jurisdiction over these cases as of October 4, 1982. The Court can state, with no hesitation, that even if it were to decide that jurisdiction over these cases was otherwise proper at the moment, it would not be able to adjudicate the issues presented in these proceedings prior to October 4, 1982. At that time, these cases might then have to be remanded to Summit County Common Pleas Court, Probate Division, or the Federal District Court.

Therefore, it is the conclusion of this Court that remand should be made to Common Pleas Court, Probate Division for further proceedings as provided for by Ohio law, as Bankers has failed to timely and properly file its Application in this Court. Further, it is in the interest of justice for this Court to abstain from hearing the cases as the land sale proceeding involves issues solely of state law which have been pending before the state court for some time. Finally, in light of *Northern Pipeline*, this Court will undoubtedly lose jurisdiction over the cases on October 4, 1982. Accordingly, the land sale proceedings, Adversary Numbers 582–0528 and 582–0532, should be remanded to the Summit County Common Pleas Court, Probate Division for further proceedings.