Joseph Thomas JONES and Barbara Jean Jones, Plaintiffs,

v.

I.T.T. TECHNICAL INSTITUTE, Defendant.

In the Matter of Joseph Thomas JONES and Barbara Jean Jones.

Bankruptcy No. 3–80–02829. Adv. No. 3–83–0284.

United States Bankruptcy Court, S.D. Ohio, W.D.

April 30, 1984.

## DECISION and ORDER

ELLIS W. KERR, Bankruptcy Judge.

### PROCEDURAL POSTURE

On April 21, 1983 Plaintiffs, Joseph Thomas Jones and Barbara Jean Jones filed an "Application to Remove" a state court proceeding filed against them by Defendant, I.T.T. Technical Institute, to this court and alleged the following:

"On September 11, 1980, Petitioners filed the instant petition in Bankruptcy. The I.T.T. Technical Institute was properly listed as an unsecured creditor and received notice of the instant action. Creditor, I.T.T. Technical Institute, failed to file any objections or otherwise appear in the instant matter. A discharge order was awarded Petitioners by this court on December 15, 1980, thus discharging the alleged debt to the I.T.T. Technical Institute. On November 4, 1982, the I.T.T.

Technical Institute filed a claim for money damages against Petitioners in the Hamilton County Municipal Court (Case No. 82–CV–38859).''

Respondent, I.T.T. Technical Institute opposes Plaintiffs' motion for the following reasons:

1) Plaintiffs did not file their application to remove within the 30 day time period required by Interim Rule of Bankruptcy 7004;

2) Plaintiffs previously failed to file a complaint during the administration of their bankruptcy estate to determine the dischargeability of their student loan.

## CONCLUSIONS OF LAW

Interim Bankruptcy Rule 7004(a)(2) of this court reads as follows:

*Time for Filing by Defendant.* The application for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

From documents attached to Plaintiffs' application to remove it appears that Plaintiffs were served in the state court proceeding no later than November 23, 1982. Thus, five months elapsed, between Plaintiffs' receipt of the state court complaint and the filing of their application to remove the proceeding to this court.

The question before the court is whether Plaintiffs' noncompliance with the time limits of Interim Bankruptcy Rule 7004 requires this court to remand the action to state court.

The courts are divided on the issue of whether the time limits of Interim Rule 7004 are mandatory or discretionary. Those cases finding the requirements of Interim Rule 7004 to be mandatory have tended to rely on decisional law under a similar federal removal statute, 28 U.S.C.

§ 1446, and have concluded that the time limits contained in Interim Bankruptcy Rule 7004 must be strictly construed.

The concept of removal from state or federal court to the bankruptcy court is new in the Bankruptcy Reform Act of 1978. Neither the law nor the rules offer any guidance as to the sanctions, if any, for filing an application for removal beyond the limitation period. However, the language and procedure of Rule 7004 closely tracks the language and procedure of 28 U.S.C. § 1446 providing for removal of any civil action from a state court to a United States District Court. Since the Rule and the statute have a common purpose, they may be regarded as in *pari materia*, and I can look to decisions under 28 U.S.C. § 1446 for guidance. (Citation Omitted)

The statutory period of time within which cases may be removed from state to federal courts is mandatory and not subject to agreement between parties, and, therefore, federal courts cannot permit removal after statutory period has expired. (Citations Omitted) *In re McCallum* 7 B.R. 76, 77 (Bkrtcy.C.D.Cal. 1980).

*See, also, In re Alton Tel. Printing Co., Inc.,* 15 B.R. 367 (Bkrtcy.S.D.Ill.1981); *In re Zellner,* 22 B.R. 801 (Bkrtcy.N.D.Ohio 1982); *In re Merkle,* 22 B.R. 713 (Bkrtcy.N. D.Ohio 1982).

However, I am more persuaded by those cases finding the provisions of Interim Rule 7004 to be discretionary:

[T]he 30-day limitation on removal contained in Rule 7004 is not based on a statute enacted by Congress, but is contained in a local rule only. As is well known, the Bankruptcy Code enacted by Congress had its inception in a proposed new bankruptcy law submitted by the Commission on the Bankruptcy Laws of the United States to Congress in 1973. The Commission's proposed law contained a removal provision specifically providing for a 30-day time limit for removal of actions from any state or federal court to the bankruptcy court after the

filing of a bankruptcy petition. Congress, however, removed the time limitation and other removal procedures from the Bankruptcy Code enacted in 1978. Congress had decided to leave these matters to be determined by the bankruptcy rules or local rules.... It is, therefore, a local bankruptcy rule which sets 30 days as the time limit for removal. All time limitations in the rules are subject to Bankruptcy Rule 906 which generally permits time limits set by the rules to be enlarged or reduced. Such enlargement or reduction of time is not permitted where the time limit is contained in a statute. *In re Circle Litho, Inc.,* 12 B.R. 752, 756 (Bkrtcy.Conn.1981).

Interim Rule 7004(a)(2) is a rule of local bankruptcy procedure. As such, it is not determinative of this Court's jurisdiction over a removed matter, but instead merely establishes the guidelines for removal. As a procedural matter, it is the opinion of this Court that it may be deemed permissive, at the discretion of the Court.

.... 

.... [I]t is the determination of this Court that statutory limitations in 28 U.S.C. § 1446 should not be read *in pari materia* with Interim Rule 7004. It is the further finding of the Court that the "mandatory" and "strict application" by district courts of the time period for removal to district court, (Citations Omitted), would be an unwise approach for consideration of untimely removed proceedings by bankruptcy courts, and the bankruptcy courts should exercise discretion under Bankruptcy Rule 906(b)(2) pertaining to enlargement of time limitations in the Rules, there being no jurisdictional limitation under 28 U.S.C. § 1478.... *In re GWF Investment, Ltd.,* 6 C.B.C.2d 1373, 1375–1376, 20 B.R. 122 (Bkrtcy.S.D.Ohio 1982).

It is this court's conclusion, then, that the provisions of Interim Bankruptcy Rule 7004 are discretionary rather than mandatory and that said rule is subject to the provisions of Bankruptcy Rule 906. [*See, also, In re Wright,* 36 B.R. 101 (Bkrtcy.S.

D.Ohio 1983)]; *In re Airport Marina, Inc.,* 31 B.R. 699 (Bkrtcy.S.D.Fla.1983).

Bankruptcy Rule 906(b) reads in part as follows:

(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect;

In the instant matter the plaintiffs have not made an application to enlarge the period for filing their application to remove. Even if Plaintiffs' application to remove is construed as containing an implied application to extend the 30 day time period of Interim Rule 7004, Plaintiffs would still be required by Bankruptcy Rule 906 to show that their failure to act prior to the expiration of the 30 day time period was the result of "excusable neglect." There is nothing in the record indicating the presence of excusable neglect. In fact, the Plaintiffs have filed nothing at all as to why they waited five months before seeking to remove the state action to this forum.

I find that Plaintiffs' application to remove has not been timely filed under Interim Rule 7004 and has failed to satisfy the requirements of Bankruptcy Rule 906.

Plaintiffs also make the following argument in their memorandum:

"The legal issue in said case is the dischargeability of Petitioners' debt, and the proper application of Title 11 U.S.C. Section 523 to the instant fact situation, including the agreement between the parties and the legal date when the instant loan first became due and owing. This court is the far superior forum to determine issues of bankruptcy law, and

Petitioner is entitled to the protection of this court which they invoked in filing their Bankruptcy Petition."

A number of courts have found that a bankruptcy court has exclusive jurisdiction in deciding the question of dischargeability regarding sections 523(a)(2), (4) and (6) of the Bankruptcy Code, but that it has concurrent jurisdiction with the appropriate state court concerning debts covered by the other paragraphs of § 523(a). *See, In re Romeo,* 16 B.R. 531 (Bkrtcy.N.J.1981); *In re Wright,* 7 B.R. 197 (Bkrtcy.N.D.Ala. 1980); *In re Peterman,* 5 B.R. 687 (Bkrtcy. E.D.Pa.1980); *In re Roberts,* 13 B.R. 832 (Bkrtcy.N.D.Ohio 1981).

Plaintiffs' debt, a student loan, falls under the provisions of § 523(a)(8) of the Code and, thus, is not under the sections of § 523(a) which are within the exclusive jurisdiction of a bankruptcy court. In regard to student loans, the court in *In re Wright, supra at 199,* made the following observation:

> The Code is self-executing and Congress has declared such debts not discharged. No findings of fact by the Bankruptcy Court is essential or necessary. The creditor is free to proceed in any court after discharge is granted. Congress has not forbidden or enjoined such action and has not barred post-petition suit. The bar that exists for failure of a student loan creditor to file complaint and seek determination prior to discharge relates only to his right to be heard in the Bankruptcy Court. The Code does not enjoin the creditor to seek such relief or prevent him from ignoring the debtor proceeding until after discharge granted. It bars him from adjudication by the Bankruptcy Court but not from relief altogether. As soon as the discharge is granted and the case closed, the creditor is free to proceed.

I find that concurrent jurisdiction exists between this court and the state court to determine the issue of dischargeability of Plaintiffs' student loan. Had Plaintiffs desired a determination from this court on the issue of dischargeability of the student loan, they could simply have filed a complaint during the administration of their bankruptcy estate. However, they elected not to do so. I find no reason for this court to now assume jurisdiction over the matter.

For the foregoing reasons, it is hereby ORDERED that this matter be remanded to the Hamilton County Municipal Court, Hamilton County, Ohio.